Statement of the Case.
MONROE, J.
Plaintiff applied to the district court for a writ of injunction to restrain the sheriff and Felix Miller from executing a writ of possession, which had been issued by that court, by putting said Miller in possession of certain premises of which *411 he (plaintiff) alleged that he had been in possession for more than 12 months. After hearing the parties, on a rule issued against the defendants directing them to show cause why the injunction should not issue, the court denied the application, ordered the sheriff to proceed with the execution of the writ of possession, and denied plaintiff an appeal from its judgment. Plaintiff now applies. to this court for writs of certiorari, prohibition, and mandamus, to compel the district court to issue the injunction, or else to grant a suspensive appeal from its order refusing so to do. Eor cause why the writs prayed for should not be granted, the judge a quo, made respondent, says (quoting in part) :
“Plaintiff * * * and Ms minor niece having been adjudged the owners of the property in dispute (see 129 La. 967, 57 South. 286), an action for partition was begun against him and prosecuted to final judgment; the plaintiff herein, defendant in said suit, having been represented by counsel. * * * This judgment was executed by the sale of the property, * * * defendant being present thereat. The adjudicatee at the sale refused to comply with his bid, whereupon, a new order was applied for, and a new commission granted, to again sell this property at public auction, as originally ordered. At this second offering one Felix Miller became the adjudicatee, and, * * * plaintiff having refused to deliver the property, a rule was taken upon him to show cause why he should not deliver. Instead of answering the rule, he applied for an injunction against his eviction under said rule. I thereupon granted him a rule nisi. Upon the trial of this rule, I became satisfied that the judgment originally rendered, * * * contradictorily with plaintiff, was final, for not having been appealed; * * * that it had been twice executed, plaintiff herein interposing no objection; * * * that he could not now enjoin its execution for want of acquiescence in such execution. His contention was that the plaintiff in the original suit should have resorted to a petitory action to oust him from possession of the property now in suit, whereby to deliver, the property to the adjudicatee at the second sale. Prior to the passage of Act No. 113 of 1906, p. 181, there might have been some force in this argument. Now, however, there appears no room for doubt. This act is intended to obviate the very delay this suit seeks to obtain. True, it does not, in so many words, say that the act is to apply to judicial sales as well, but that it was so intended there is little room for doubt. The sheriff and constable, making such a sale under a writ of seizure and sale, a fi. fa., or any other order of sale, can invoke its provisions. If, therefore, the sheriff had made this sale, instead of an auctioneer, it would not be contended that the • purchaser * * * would not be entitled to proceed under said act. The auctioneer, in this case, wa's the sheriff. This was a judicial sale. Civil Code, art. 2618. These are subject to the same rules laid down, for public sales in general. Civil Code, art. 2617. Hence it is, I conclude that, this court having, with defendant’s consent, in the partition suit, twice ordered the property sold, and it having been sold, the adjudicatee at this auction sale is of right entitled to invoke the Act Ño. 113 of 1906, * * * and defendant in said suit is without right to interpose any objection to its execution, by way of injunction or otherwise. His acquiescence in said judgment and its execution has destroyed his right to enjoin the purchaser from entering into possession of the property, which was adjudicated to him, the price of which he has paid. Respondent annexes a duly certified copy of the transcript in said suit,” etc.
The averments of fact contained in the return thus quoted are fully sustained by the records referred to. In the matter of Richard v. Richard, 129 La. 967, 57 South. 286, which was a suit brought on behalf of the minor niece of the relator, against him, to set aside certain conveyances, and a will made to him, and in his favor, by H. Yalsin Richard, his father, and the grandfather of the plaintiff, it was held, in effect, that the minor and her said uncle were joint heirs of the estate of said H. Yalsin Richard. In the suit for the partition of said estate, brought by said minor against her said uncle, in which he appeared by counsel and answered, there was judgment ordering that the property of the estate be sold to effect the partition; the consent of the present applicant thereto appearing from the following excerpt from the opinion of the court, to wit:
“Both parties were represented in court on the tx-ial by their attorneys, and no contest was made on the trial. The proof adduced on the trial established that the property could not conveniently be divided in kind and without loss, and that it was necessary to effect the *413 partition by licitation, and it was agreed between the parties that a commission should be issued to Geo. T. Edwards, auctioneer, or any other duly qualified auctioneer, to make the sale of the property, after due advertisement, and that the partition be referred to Robert Harry.”
Opinion.
It thus appears that, by a judgment of a competent court, rendered contradictorily with the owners, and, additionally, with their express consent, designating the officer by whom the sale should be made, their property was ordered to be sold, in order that the proceeds should be partitioned between them, and that, pursuant to such judgment and agreement, it was adjudicated to a stranger, who paid the price to the officer so designated and agreed on, the immediate effect of which was to devest the title of said owners, and make them warrantors of the sam> to the adjudicatee, and to convert their possession either into the possession of the adjudicatee, or, as to relator, pretending to hold adversely to the adjudicatee, into a trespass. C. C. arts. 1920, 2479, 2476, 2504; Roe, Wid. Green, v. Heirs of Bundy, 45 La. Ann. 398, 12 South. 759; Porter v. Depeyster, 18 La. 351. The judgment ordering the sale was, in ultimate effect, a judgment condemning the parties thereto to deliver the property to the purchaser, and the proper method of executing it was to obtain, from the clerk, a writ of possession, which was done. O. P. art. 630 et seq. The attempt to stay the execution of that writ by injunction was an act of bad faith, and the injunction, as also the appeal from the order refusing it, were properly denied. We are inclined to agree with the respondent judge that the case is within the application of Act No. 113 of 1906, to which he refers; but we consider it unnecessary to decide that question at this time.
For the reasons thus assigned, the application of the relator is denied, and this proceeding dismissed, at his cost.