(100 South. 674)

No. 26202.

### BAPTISTE v. SOUTHALL.

### In re SOUTHALL.

(Nov. 22, 1923.   On Rehearing, May 12, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Assistance, writ of** &#x269C;1—**Judgment on merits interpreting previous judgment rendered on exception would not support writ of possession.**

   Since judgment cannot be rendered on merits in maintaining exception of no cause of action, a second judgment, rendered under rule to interpret the first judgment disposing of merits, and determining that a party is without right, title, or interest in certain property, is invalid, and will not support a writ of possession, under Code Prac. art. 630.

2. **Husband and wife** &#x269C;255—**Possession of wife existing for one year to be protected.**

   Where wife has been for more than a year in actual possession of property claimed to be community, but which the husband claims as his separate property, she is entitled to be maintained in her possession as against · invalid writ of possession, in view of Code Prac. art. 49, husband's remedy being to bring a petitory action under article 43.

3. **Injunction** &#x269C;26(9)—**Mandamus** &#x269C;37—**Judge may by mandamus be compelled to issue injunction restraining disturbance of possession of realty by separated wife.**

   Where a married woman who has been separated from bed and board has been in possession of property for more than a year, and has been disturbed in such possession by issuance of writ of possession by husband, based on invalid judgment, she is, under Code Prac. art. 298, § 5, entitled to an injunction which the judge has no discretion but to grant, and which he may by mandamus be forced to issue.

O'Niell, C. J., and St. Paul and Leche, JJ., dissenting on rehearing.

Suit by Agnes Southall against Homer H. Baptiste. Decree for defendant, and plaintiff applies for writs of mandamus and prohibition. Writs allowed.

J. K. d'Avricourt and Henriques & Duchamp, all of New Orleans, for relator.

E. M. Stafford and Daniel Wendling, both of New Orleans, for respondent.

By the WHOLE COURT.

LAND, J. On January 15, 1917, Homer H. Baptiste obtained a judgment of separation from bed and board against Agnes Southall, the relatrix. On March 15, 1917, relatrix filed a petition in the civil district court for the parish of Orleans in the separation proceedings, suggesting that the judgment rendered therein was silent as to the property rights of the parties, and alleging that she owned certain separate property, and that certain real estate belonged to the community of acquêts and gains formerly existing between her husband and herself. She prayed that an inventory be made of the community property and for liquidation and partition of same, and that her husband be enjoined, pending the suit, from disposing of any part of the community property or of its revenues. Upon exception of vagueness being filed to the petition, she presented a supplemental petition describing the separate property claimed by her, and designating the community property by exhibits annexed to her petition.

The defendant, Homer H. Baptiste, filed an exception of no cause of action to the petition of relatrix, and, answering, denied that plaintiff owned any separate property, admitted that certain community property had been acquired by them, and asserted his separate ownership of certain lots, with improvements thereon.

On March 5, 1919, a judgment was rendered on the exception of no cause of action rejecting the demand of relatrix "for a settlement and liquidation of the community."

On September 15, 1919, a rule was taken on relatrix by Homer H. Baptiste to show cause "why the said judgment should not be held to reject her demand to and declare her without right, title, or interest in and to certain real estate inventoried herein."

After hearing on the rule, it was "ordered, adjudged, and decreed that the court, in rejecting the demand of Agnes Southall, defendant herein, for a liquidation and settlement of the community, rejected her demand to, and held her to be without, title or interest in and to the following-described property, to wit."

This judgment was rendered June 2, 1920, and on June 2, 1921, a devolutive appeal was taken from said judgment to this court, returnable July 30, 1921.

On April 11, 1923, Homer H. Baptiste moved the lower court for an order, in execution of said judgment, directing the sheriff to place him in possession of the premises, 708 S. Salcedo street, which rule was made absolute on May 23, 1923, and signed May 29, 1923.

Relatrix applied for and was granted a suspensive appeal from this judgment, which was set aside by respondent judge, the Hon. Wm. H. Byrnes, Jr., Division E. of the civil district court for the parish of Orleans.

Relatrix then applied to this court for a writ of prohibition, which was refused.

After the refusal of said writ, relatrix applied to Hon. M. M. Boatner, one of the judges of said civil district court, to restrain defendant from proceeding to execute said judgment by the issuance of a writ of seizure and possession, and the application for a writ of injunction was refused by him.

[1] It is obvious that no writ of possession could be issued in execution of the first judgment of March 5, 1919, ordering "that the demand of Agnes Southall for settlement and liquidation of the community be rejected, with costs." C. P. art. 630. This judgment was rendered, maintaining an exception of no cause of action.

Under a mere rule to interpret this judgment, a second judgment was rendered, which held relatrix "to be without right, title, or interest in and to the following-described property, to wit."

That a judgment cannot be rendered upon the merits in maintaining an exception of no cause of action is a self-evident proposition, as said exception is disposed of upon the face of the papers and before trial on the merits. The second judgment in this case, however, clearly disposes of the merits of the case in attempting to interpret the first judgment, the legal effect of which was to dismiss plaintiff's suit without any adjudication as to the title of the respective parties.

It is clear, therefore, that the second judgment rendered in this case is invalid, and that a writ of possession could not be legally issued under it.

[2] We cannot enter at this time into the question whether the property in dispute belongs to the community formerly existing between the parties. Relatrix, however, asserts in her application to this court that she is now in the actual possession of certain lots and improvements, which she claims to be community property, and which defendant claims as his separate property. She alleges that she has been in the physical possession of this property since January 10, 1917, the date of the judgment of separation, and is still in possession of same. This property is described in her application as the premises No. 708 South Salcedo street. Under such circumstances relatrix is clearly entitled to be maintained in her possession, as she has been in the real possession of this property for more than a year, and is threatened by eviction through the issuance of the writ of possession by defendant. C. P. art. 49.

The plain remedy of defendant, who claims the property as his separate estate, is to bring a petitory action against relatrix. C. P. art. 43.

Relatrix prays that a mandamus issue to Hon. Wm. H. Byrnes, Jr., judge of the civil district court, ordering him to issue an injunction in this case. The application for injunction was made to Hon. M. M. Boatner, one of the judges of said court, it is true; but it is evident from the return made by Hon. Wm. H. Byrnes, Jr., that he is of opinion that relief by injunction cannot be had in this case. He states on page 6 of his return (m):

"Relatrix then applied for a writ of injunction to the civil district court to restrain plaintiff from proceeding to execute said judgment, which, as shown above, was not suspensively appealed from; in other words, was endeavoring to use injunctive relief in a case where no suspensive appeal was taken from the judgment. The writ applied for was denied by Hon. M. M. Boatner."

It would be a vain proceeding for this court to dismiss the application of relatrix on the ground that she had not first applied to respondent judge before seeking relief by appeal to the supervisory jurisdiction of this court, in the face of the adverse return of respondent judge.

[3] Under article 298 of the Code of Practice—

"The injunction must be granted, and directed against the defendant himself, in the following cases: * * *

"5. When the defendant disturbs the plaintiff in the actual and real possession which such plaintiff has had for more than one year, either of a real estate or of a real right, of which he claims either the ownership, the possession or the enjoyment."

Relatrix has been in the possession of this property for more than a year, and she has been disturbed in that possession by the issuance of the writ of possession in this case.

In cases enumerated under article 298 of the Code of Practice the judge has no discretion, but is bound to grant the injunction when made in conformity with law. Brunning v. City of New Orleans, 152 La. 989, 94 South. 909; Hanson v. Police Jury, 116 La. 1085, 41 South. 321; State ex rel. Yale v. Judge, 41 La. Ann. 518, 6 South. 512; Mulling v. Jones et al., 142 La. 300, 76 South. 720; Beasley v. Jenkins, 117 La. 577, 42 South. 145; State ex rel. Jacobs v. Judge, 40 La. Ann. 206, 3 South. 561.

Relatrix is clearly entitled to a writ of mandamus compelling respondent judge to issue the writ of injunction in this case, and also to a writ of prohibition directed to the defendant, forbidding further proceedings, and restraining the execution of the writ of possession illegally issued herein, as the only valid judgment rendered by the lower court in this case is the one of date March 5, 1917, maintaining the exception of no cause of action and rejecting relatrix's demand.

It is therefore ordered, adjudged, and decreed that a writ of mandamus issue herein, directed to Hon. Wm. H. Byrnes, Jr., judge of the civil district court, Division E, of the parish of Orleans, commanding him to grant to relatrix, Agnes Southall, a writ of injunction, upon the relatrix giving bond and complying with all legal requisites under section 5 of article 298 of the Code of Practice, restraining J. H. Le Besque, civil sheriff of the parish of Orleans, from executing, or attempting to execute, either in person or by deputy, the writ of possession issued herein May 23, 1923, in execution of the judgment of said court rendered June 2, 1920, against relatrix, Agnes Southall, in the matter of Homer H. Baptiste v. Agnes Southall, his wife, No. 117150 of the docket of said court.

It is further ordered, adjudged, and decreed that a writ of prohibition issue to Homer H. Baptiste, defendant in said cause, forbidding him from executing, or attempting further to execute, said judgment by writ of possession, and that said writ of prohibition be perpetuated; defendant, Homer H. Baptiste, to pay all costs of this application.

ST. PAUL, J., dissents.

ROGERS, J., takes no part.

LECHE and THOMPSON, JJ., take no part.

On Rehearing.

By the WHOLE COURT.

BRUNOT, J. We have reconsidered this case, and have carefully noted the errors assigned in respondent's application for rehearing, but we see no good reason for changing our decree, which is based upon our finding that relatrix had been in possession of the property for more than a year, and had been disturbed in that possession by the illegal issuance of the writ of possession.

Our original decree is reinstated and made the final judgment of the court.

O'NIELL, C. J., and ST. PAUL and LECHE, JJ., dissent.