In 1939, plaintiff filed a partition suit alleging that she was owner in indivision with defendant of 32.35 acres of land in St. Tammany Parish in the proportions of one-fourth to her and three-fourths to the defendant, and she asked that the property be sold at public sale to effect a partition. The defendant answered alleging that he owned an undivided seven-eighths interest and that plaintiff owned an undivided one-eighth interest in the property and otherwise admitted the necessity of a sale to effect a partition.
It appears that counsel for plaintiff in the partition suit withdrew from the case after the matter had been continued a number of times, and the case finally came up for hearing on the motion of defendant, the plaintiff being unrepresented at the trial by counsel but being present in person. There was no pleading filed by plaintiff to that effect, but on the day of the trial the judge asked plaintiff if she wanted to make a statement which she did and claimed that her husband had built the house on the property, and she wanted the defendant to move the house or pay her $350. The trial judge rendered a judgment recognizing plaintiff to be the owner of an undivided 1/8th interest and the defendant an undivided 7/8ths interest in the property and ordered the property sold by the sheriff at public sale to effect a partition, the proceeds of the sale to be referred to a notary public to complete the partition. The sale was made by the sheriff in February, 1942, and the proceeds turned over to the designated notary who completed the partition and tendered to plaintiff the share coming to *Page 342 
her which she refused to accept. The funds were deposited in the registry of the court by the notary. Mossler was the purchaser of the property at sheriff sale, but Mrs. Ferrier remained in possession of the property.
In March, 1945, Mossler filed a rule against Mrs. Ferrier to show cause why she should not vacate the property and surrender possession to the defendant. Mrs. Ferrier, defendant in the rule, filed an answer thereto through an attorney in which she alleges that it would be illegal and unjust to eject her from the property on which she had certain crops and a garden; that Mossler had suffered her to remain on the property, and the long delay in settling their differences concerning the improvements which she had put on the property, consisting of the house, fencing, etc., was caused through no more fault of hers than of Mossler; that she reserves all of her rights to the value of the improvements; that she has paid taxes on the property, and asks that her right to retain the property until a fair compensation is given or tendered to her be recognized and enforced.
When the rule came on for trial the defendant in the rule attempted to show what improvements she had put on the property within the past year, and what crops she had planted on the property. On objection being made to this evidence, the trial judge sustained the objection and rendered a judgment maintaining the rule and ordering defendant in the rule to vacate the property within ten days, otherwise, that she be ejected therefrom, reserving to her whatever recourse she might have for the value of the house. Defendant in rule asked for and was granted a devolutive and suspensive appeal from this judgment. A motion was filed in this court by the appellee to dismiss the appeal.
 Motion to Dismiss.
The motion to dismiss the appeal is based on the ground that the judgment ordering the defendant to vacate the property is not appealable for the reason that this judgment has no more effect than would a writ of possession issued by the clerk of court under Act No. 113 of 1906, ordering the sheriff to put the purchaser in possession of the property sold at public sale; that a person cannot appeal from an order which merely carries out a judgment of the court.
[1, 2] This position has support in the cases of Richard v. Swords, Sheriff, et al., 131 La. 410, 59 So. 833, and State ex rel. Schmidt v. Judge, 27 La. Ann. 703. Unquestionably, if the purchaser at this partition sale had asked for a writ of possession from the clerk of court after he secured the sheriff's deed, he would have been entitled to have the sheriff put him in possession of the property, and the defendant in rule could not have enjoined that action and could not have appealed from any order putting him in possession. In the present case, however, the defendant has alleged in answer to the rule that the plaintiff in rule has suffered her to remain in possession of the property after the sale, and she has planted crops and made improvements on the property since the sale. If a purchaser at public sale suffers the one in possession to retain possession for a long period of time after the sale, during which time the possessor acquires certain rights, and the purchaser chooses to proceed by rule to eject the possessor, we see no reason why the possessor in answer to that rule cannot assert these rights. As to such rights arising after the adjudication by reason of the sufferance of the adjudicatee, the possessor at the time of the sale would be in much the same position as he would be had he moved onto the property after the adjudication and retained possession by sufferance of the adjudicatee and acquired rights on the property. The plaintiff in rule waited more than three years before taking any action to get possession of the property adjudicated to him during which time he knew that the defendant in rule had possession of the property.
[3] An appeal should not be dismissed unless there are clear grounds for such dismissal. The right of appeal is favored in the law. Succession of Damico, 161 La. 725, 109 So. 402. For these reasons, the motion to dismiss the appeal is overruled.
 On the Merits.
[4] The trial judge was correct in holding that any claim of the defendant in rule for improvements on the property made prior to the judgment in the partition suit was irrelevant in this proceeding to secure possession of the property. The defendant claims the right to retain possession until she is re-imbursed for the crops planted and the repairs made on the property since the sale, under the provisions of Article 3453
of the Civil Code. This article gives the possessor in good faith the right to gather the fruits of the property until it *Page 343 
is claimed by the owner; also the right to retain possession until he is re-imbursed the expenses he may have incurred on it.
[5, 6] Had the defendant in rule possessed the property in good faith, there would have been considerable merit in her claim. But she was not a possessor in good faith after the adjudication. She knew the property had been sold at a partition sale initiated on her own petition, and the plaintiff in rule had demanded possession after he acquired title under the sale. When she planted the crops and made the repairs she knew that she might be called upon at any time to surrender possession. She testified that she spent $200 on the repair of the house during the past year, but it does not appear whether or not these repairs are of such a nature as to be separable from the land. Under the circumstances, we assume that these repairs were of such a nature as not to be removable. A possessor in bad faith cannot recover from the owner for enhancement in the value of the land by reason of improvements placed thereon which improvements are inseparable from the land and cannot be removed therefrom. See Voiers v. Atkins Brothers (on rehearing) 113 La. 303, 36 So. 974; Gibson v. Hutchins 
Vaughan, 12 La. Ann. 545, 68 Am. Dec. 772.
For the reasons assigned, it is ordered that the judgment appealed from be affirmed at the cost of appellant in both courts.