228 So.2d 339 (1969)
Mrs. Jimmie Jones BUTLER
v.
Morris BUTLER, Jr.
No. 7785.
Court of Appeal of Louisiana, First Circuit.
November 17, 1969.
*341 Jerry H. Bankston, Baton Rouge, for appellant.
James B. Thompson, III, and George S. Womack, of Dozier & Thompson, Baton Rouge, for appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
This is a suit for partition of the community of acquets and gains which formerly existed between Mrs. Jimmie Jones Butler, plaintiff, and Morris Butler, Jr., defendant. Mrs. Butler also asks for an accounting of Mr. Butler's administration of the community property following the dissolution of the community as of April 20, 1966. Although no answer was filed, the case was tried in March, 1968. The judgment rendered did not order the partition nor refer the parties to a notary public for final settlement of the community. Instead, the court listed what it found to be community assets, recognized certain community liabilities, and rendered judgment in favor of plaintiff for one half of the net value of the community, subject to credit for certain items previously received by her. From the judgment, defendant has appealed suspensively, and plaintiff has answered the appeal, each of them complaining of various rulings made by the district court.
The judgment appealed from is deficient in a number of respects. Most important, it does not order the relief prayed for and to which the parties are clearly entitleda partition. In theory, the initial judgment in a partition suit should go no further, except to refer the proceeds of the sale, and the parties, to a notary public for final liquidation and settlement of the community. However, in the interest of preventing further litigation between the parties, we have the following comments to make relative to the findings of the district court.
The properties involved in the partition, concerning nearly all of which there exist disputes, are as follows:
1. A promissory note made by Butler Furniture Company, Inc. to the order of Morris Butler, Jr., dated September 1, 1963, in the face amount of $16,708.18.
2. Fifteen shares of stock in Butler Furniture Company, Inc. standing in the name of Morris Butler, Jr.
3. The community home in Baker, Louisiana.
4. All furniture and appliances belonging to the community.
5. Three insurance policies on the life of Morris Butler, Jr.
6. A boat and outboard motor.
7. The community checking account.
8. A community savings account.
9. Several savings accounts in the names of the children of Mr. and Mrs. Butler.
10. Two U. S. Savings Bonds.
Subsequent to the dissolution of the community, Mr. Butler rented the community home, and Mrs. Butler has prayed for an accounting of rents received.
We note from the record that stipulations relative to some of the above items were entered into by the parties at a pretrial conference. These stipulations form no part of the record. At least two of the matters supposedly disposed of thereby were the subject of disagreement between the parties during the trial, and we assume that all stipulations were abandoned.
The major issue in this case is the status of the note for $16,708.18. Testimony shows that $12,000.00 was deposited by Mr. and Mrs. Morris Butler, Sr. with Butler Furniture Company, Inc. in the name of Morris Butler, Jr. All of the funds were *342 deposited after the marriage of the parties hereto. Mrs. Butler, Sr. testified that it was intended that the donation be made to Morris Butler, Jr. individually. Mr. Butler, Jr. so testified, as did his brother John D. Butler. The only testimony to the contrary was that of the plaintiff herein, Mrs. Morris Butler, Jr., and her testimony was vague and unsatisfactory. The district judge found that the $12,000.00 was donated to Morris Butler, Jr. individually, and that it formed no part of the community of acquets and gains existing between him and his wife. We see no reason for disturbing this finding.
On September 1, 1963, the amount then standing to the credit of Morris Butler, Jr. was reduced to the form of the note described above, and was pledged to secure a debt of Butler Brothers Furniture Company, Inc.
It is stipulated that all interest which accrued to Morris Butler, Jr. on the $12,000.00 was community property. None of this interest was withdrawn by him during the life of the note, and each year it was compounded. The note in question is admittedly for the $12,000.00 plus all interest which had accrued until that time. The books of the company show that as of April 20, 1966, the balance on the note was $17,125.62. There is, therefore, no contest as to the community status of $5,125.92. It is claimed by the plaintiff that because the note was written for principal and interest together that the funds had become so co-mingled as to make the $12,000.00 lose its separate character. This, of course, is an untenable position since the principal and interest portions of the note can be clearly identified from the books of the corporation.
We are aware of the principle of law that all property which is acquired during the existence of a marriage is presumed to be community property. However, we find that in this case, this presumption has been rebutted by the defendant.
Interest has continued to accrue on that part of the note which is community property between the date of the dissolution of the community and the date of the trial. There is nothing in the record to show what that amount might be, and it must await determination until the final liquidation of the community following the partition thereof.
The fifteen shares of stock in Butler Furniture Company, outstanding in the name of Morris Butler, Jr., consist of nine shares which were acquired by Morris Butler, Jr. prior to his marriage. The other six shares were donated to him by an uncle after the marriage. The finding of the trial court that these form no part of the community is manifestly correct and is not seriously disputed by plaintiff.
The house in Baker, Louisiana, is admittedly community property. Since this is a petition for a partition and the property is obviously not divisible in kind, and there being no stipulation to the contrary, it is apparent that this property must be sold at public auction in accordance with law, before the liquidation of the community can be accomplished.
The same applies to the furniture and other movables belonging to the community. The record reveals that each party has retained some of these items, but in the absence of a stipulation to the contrary, these items not being divisible in kind, they must also be sold in order to effect the partition. Because of this finding, Mr. Butler's claim of a credit for a fur stole, a dresser, a stereo phonograph and some portraits allegedly retained by Mrs. Butler must be disallowed.
On the day prior to the dissolution of the community, the balance in the community checking account was $104.79. A deposit of $2,032.00 was made on the next day, but this entire amount was accounted for by a preliminary agreement entered into by the parties which forms part of the record. No other deposit was made during *343 the month of April, and no withdrawals from the account not covered by the preliminary agreement were made. It is therefore clear that the proper figure to use as the balance in the community checking account as of the date of the dissolution of the community is $104.79, and not the figure of $974.51 shown on check stubs in the community account as of that date, which latter figure was adopted by the court below as the value thereof.
There seems to be no dispute that the balance in the savings account at City National Bank was community property. As of April 20, 1966, the balance therein was $2,259.53. There is nothing in the record to indicate what that balance might be as of any subsequent time and it must be determined as of the time of the final liquidation of the community.
There seems to be no dispute that the insurance policies on the life of Morris Butler, Jr. were all issued prior to the marriage, and therefore form part of his separate estate. The trial court ordered that the amount of premiums paid on the policies by the community be determined, and that the community be granted a credit against Mr. Butler's separate estate for that amount. This is an incorrect measure of the debt of Mr. Butler's separate estate to the community. The correct measure is the enhancement in the value of his separate estate, which in the case of life insurance policies, is the increase in their cash value during the existence of the community. Civil Code, Article 2408; Broyles v. Broyles, 215 So.2d 526 (La.App. 1 Cir. 1968). The record is devoid of evidence as to the cash value of the policies.
The savings bonds which were included in the judgment appealed from were said to be missing and should not be included unless they can be physically produced as of the time of the liquidation of the community.
There does not seem to be any dispute that the savings account in the names of the children belong to them and not to the community.
A boat and motor is referred to in the inventory as forming part of the community, but the only testimony in the record is that of Morris Butler, Jr., who testified that it belonged to the Butler Furniture Company, Inc. Under those circumstances, and in the absence of any stipulation to the contrary, we must find that this item forms no part of the community between the parties.
With respect to the rents collected by Morris Butler on the community home, we note that the trial court found as a community asset the sum of $1,540.00 which allegedly was the excess of rents collected over mortgage payments and maintenance on the house. This figure is not substantiated by the record since there is no testimony in the record to show that the house was rented beyond March 22, 1968, which was the last day of the trial, and since it is not clear at all what rents were collected. In any event, so long as the house remains unsold, and so long as Mr. Butler continues to make payments on the note, we can make no final determination as to what might be due him by the community, or vice versa. He is entitled to credit for whatever he pays out in the way of payments and maintenance, and must account for all rentals received by him. This must also await the final liquidation of the community.
The record also reveals a number of community obligations, including a note at City National Bank which has a balance of some $2,000.00. This note has been renewed from time to time, and the interest paid thereon by Mr. Butler. Since the note is a community obligation, he is entitled to credit for amounts paid by him on a community obligation. Since this note has not yet been paid, any settlement relative thereto must await the final liquidation of the community.
There is an amount in excess of $11,000.00 due on the mortgage on the community *344 home, and this must be satisfied out of the proceeds of the sale of the home as of the time of the liquidation of the community.
There is also testimony showing that the community was indebted to Butler Furniture Company for $5,917.17 as of April 20, 1966. It is clear from the record that this is a valid community obligation. However, this debt was satisfied by funds paid by Mrs. Butler, Sr. prior to the trial of the case. She has made no claim against the community. The debt no longer exists, therefore, insofar as the record in this case is concerned.
The record reveals that Mrs. Butler received an advance on the community settlement of some $509.22. It is not disputed that Mr. Butler should be given credit for this amount in the final settlement of the community.
Finally, Mr. Butler claims that there should be shown as a community debt the sum of $6,880.00, being the balance due on a certain promissory note made by Butler Brothers Furniture Company, Inc., which was endorsed by him during the existence of the community. The note was not placed in evidence, but it appears that the primary obligor is Butler Brothers, and that Mr. Butler's liability is contingent on non-payment thereof by the corporation. Since that contingency had not arisen when the community was dissolved, the community can no longer be held responsible.
If the nature of the note, and Mr. Butler's endorsement, is such as to make him a primary obligor, we would be unable to find that Mr. Butler intended to bind the community for this obligation. We cannot believe that his assiduity in maintaining his own property separate from that of the community would not extend to incurring liabilities which do not benefit the community.
Further, any community obligation arising from the endorsement would be balanced by the obligation of Butler Brothers Furniture Company, Inc. to repay any amounts expended by the community as a result thereof.
The judgment appealed from is, accordingly, reversed, and the case remanded to the trial court for further proceedings in accordance with the views expressed herein. All costs are to be borne equally by the parties hereto.
Reversed and remanded.