REDMANN, Judge.
An ex-husband who sought partition of his former community appeals from a judgment for a balance in favor of his ex-wife.
The husband’s first assignment of error is that the wife was granted a judgment “when in fact it had not been prayed *167 for and was not litigated.” The judgment in favor of the wife was a proper response to the husband’s suit for a settlement of the community.
The second assignment is failure to award the husband “half of the $3,640 value of the improvements on the house” which was the wife’s separate property in which the couple lived. It was not “proved that the increase . . . [was] the result of the common labor, expenses or industry,” C.C. art. 2408, except to the extent of perhaps $500, as the trial judge estimated.
The last assignment is the failure to give the husband credit “for his share of the [$60 monthly purchase-mortgage] payments on [the wife’s] separate house.” First, community funds were not shown to have been used (and in any case the community cannot recover the interest, taxes and insurance, but only the principal; Hurta v. Hurta, La.App. 1972, 260 So.2d 324). Second, the wife testified that she paid the $60 installments from her son’s funds (which came to her monthly in $220 amounts). The trial judge presumably believed this testimony. Thus the wife would have a comparatively substantial claim against the community, rather than vice versa.
A reading of the record suggests several unraised problems. The most evident of these is that the trial court, after determining that the husband had received more value in community assets than the wife, overlooked dividing the husband’s excess value by two in fixing the amount due to the wife. Yet this error may be roughly offset by the wife’s unexpressed claim for the house payments (save principal). There are at least three other problems of similar magnitude, which in sum may also roughly balance. There are difficult, un-briefed questions of law. Although C.C.P. art. 2164 authorizes us to render “any judgment which is just, legal, and proper upon the record on appeal,” from the state of this record we are unable to say that a judgment based on our estimates would be any more just, legal and proper than that appealed from.
The judgment is therefore affirmed.