REDMANN, Judge,
dissenting in part
I concur in the partial reversal of the judgment appealed from to the extent that it recognizes that the funds on deposit (save $120) are the ex-wife’s half of the proceeds of community property bought by the ex-husband.
I would further reverse the judgment by denying to the ex-husband recovery for the maintenance, insurance, taxes and interest portion of the 66 mortgage payments on the community house that he paid while he lived in the house alter termination of the community.
I
Charging the ex-wife half of the expenses of mortgage interest, taxes, insurance and maintenance of the community’s house is not unfair when the husband collects rent for the house and the ex-wife *794 gets half of the rent, as in Butler v. Butler, La.App. 1 Cir. 1969, 228 So.2d 339. And charging the ex-husband half is also not unfair when the ex-wife uses the house and is awarded alimony the amount of which is based in part on the assumption that she is using the house, as in Arcemont v. Arcemont, La.App. 4 Cir. 1964, 162 So.2d 813: if the wife were not using the community’s house she would have to pay rent elsewhere and the amount of the alimony (and child support) would have to be higher, and thus the husband is already getting “credit” for the wife’s use of the commonly-owned house. But the wife gets no such “credit” here because she is not paying the husband alimony at all, and would not have to pay him more alimony if he rented a house elsewhere.
It is unfair to charge this ex-wife with half of the expenses of interest, taxes, insurance and maintenance of the formerly community house. Those expenses are a cost of using the house, Hurta v. Hurta, La.App. 4 Cir. 1970, 260 So.2d 324, and, as the Hurta community which used one spouse’s separate house owed those expenses to that spouse’s separate estate, by similar reasoning here the spouse who uses the once-community house after termination of the community should not be able to recover from the non-using spouse that spouse’s half of those expenses (unless by an alimony decree the court has impliedly ordered the non-using spouse to give the use of the house to the other spouse).
II
If, however, I err on that point and the ex-husband is entitled to recover those expenses, then the ex-wife’s claim for child support over three years past due should not simply be treated as prescribed. Under the long-recognized rule of quae temporalia, C.C.P. 424, the claim for prescribed child support is at least a shield against (if not a direct compensation of) the ex-husband’s claim for mortgage payments.
III
Furthermore, if the ex-husband is entitled to those expenses without set-off of the prescribed child support, there should be an accounting to the wife for her half of about $7,000 of community funds spent by the husband in paying mortgage principal and interest and taxes on the husband’s separate estate’s house, bought before the marriage. (The $7,000 may have been partly offset by rent equivalent, but the husband’s own pleadings show that the principal of that separate debt was reduced by $4,500 over 15 years of which ten were during the marriage.) Why should the ex-wife have to pay the ex-husband his claim yet he not have to pay her claim?
IV
The ex-husband should not be able both to obtain immediate enjoyment of his half of the property (by buying the house at the auction but paying only half the price) and to deny to the ex-wife enjoyment of her half of the proceeds. Some fairer rule should be devised by the Legislature or the courts.
V
The present proceeding is not a partition of the community. It is only a piece of a partition. The trial court judgment describes it as “a rule to decide claims of the respective parties to the proceeds of the community on deposit in the registry of the court.” Evidently the parties have elected not to have a partition according to Code rules. Presumably they are free to pursue other claims by as much piecemeal litigation as they please. The ex-husband is therefore correct in arguing that the question of whether he is entitled to credit for alimony pendente lite should not have been decided here because he did not present that claim in this case (although it may be conceded that the husband is not ordinarily entitled to credit against the wife’s half of the community capital). His entitlement to credit is ordinarily limited to the one half of the formerly community property’s income which belongs to the wife. If an accounting for income is later sought, the ex-husband’s right to credit for alimony should be there decided.