411 So.2d 59 (1981)
Carol Lynn Cue, wife of David George LENTZ
v.
David George LENTZ.
No. 11354.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1981.
On Rehearing January 22, 1982.
*60 Schaff & Currier, John M. Currier, New Orleans, for plaintiff-appellee.
Maurice B. Friedman, New Orleans, for defendant-appellant.
Before SAMUEL, GARRISON and CHEHARDY, JJ.
Per Curiam on Rehearing January 22, 1982.
SAMUEL, Judge.
This is an appeal taken by the ex-husband from a judicial partition of the community formerly existing between the two litigants.
The parties were legally separated on December 12, 1973 and divorced on January 27, 1975.[1] The wife earned an income and there was no award of alimony. In due course a judicial partition of the community was ordered, and the immovable community property, consisting solely of the family home, was sold at public auction. It was purchased by the husband for $37,000. At the time of trial, following payment of various costs and expenses, $20,254.44 was available for distribution between the parties, both of whom made various claims on these funds.
In the trial court, the husband claimed reimbursement, out of the wife's share, of one-half of the payments, including principal, interest, taxes and insurance, made on notes secured by mortgages on the family home, and one-half of the payments made for improvements and upkeep of that home, all fully paid by him with his separate funds. The wife claimed reimbursement from the husband's share for various paychecks allegedly belonging to her, cashed by the husband without her consent and diverted to his own use, and for payment of an alleged loan made by her to him after the separation.
Following trial, there was judgment awarding the wife, out of the husband's share of the funds, $340 for her said loan (while rejecting her claim for reimbursement relative to the checks), and crediting the husband with the sum of $1,419.54, representing the mortgage payments referable only to the principal. Accordingly, out of the $20,254.44 available the judgment awards the wife $10,242.45 and the husband $10,011.99. The husband has appealed, raising four issues.
*61 First, appellant contends the trial court erred in failing to award him recovery, out of his wife's share, of one-half of all the amounts paid by him on the mortgage notes, including principal, interest, taxes and insurance. We agree with this contention.
For all practical purposes, the husband lived in the originally community-owned home, and the wife lived elsewhere, from the time the community was terminated until the property was sold, a period of approximately four and one-half years. During that time he made mortgage payments with his separate funds in a total amount of $8,478.50, which payments consisted of $1,414.95 on the mortgage principal and $7,063.55 for interest, taxes and insurance.
Appellee relies, and the trial court in part relied, on the cases of Succession of Brunies, 209 La. 629, 25 So.2d 287, Succession of Boyer, 36 La.Ann. 506, Cookmeyer v. Cookmeyer, La.App., 354 So.2d 686, Madere v. Madere, La.App., 310 So.2d 166, and Hurta v. Hurta, La.App., 260 So.2d 324. We find these cases are not applicable in the issue now before us.
Cookmeyer is the only one of these cases concerned with mortgage payments, including interest, taxes and insurance, on a home which had belonged to the community. However, (at page 693) the Cookmeyer court concluded the trial court order "necessarily envisioned the husband's bearing, as part of alimony and child support, the interest and any tax and insurance components of the monthly mortgage payments" (emphasis ours). The remaining four cases relied on involve a home which was the separate property of the spouse who occupied the same; there was no co-ownership as is the case here. In this case the rules relative to ownership in indivision are applicable.
Our long settled jurisprudence is that following termination of the community between a husband and wife the two parties become owners in indivision of the immovable property which had belonged to the community; each owner in indivision is entitled to possess or use the common property without the obligation to pay rent therefor, provided that such possession or use is not to the exclusion of his co-owner; and each co-owner has the obligation to maintain and preserve the property or, vis-a-vis each other, pay his share of the cost thereof.[2]
In the instant case the property could not have been maintained and preserved without payment of the mortgage principal, interest, taxes and insurance. Without payment of all of these components it could be lost by foreclosure. Accordingly, we hold appellant is entitled to be reimbursed, out of his wife's share of the funds to be distributed, one-half of all the amounts paid by him, with his separate funds, on the mortgage notes, including principal, interest, taxes and insurance. As each co-owning litigant is responsible for one-half of that total amount, $8,478.50, we amend the judgment so as to increase the award to appellant by $2,719.71 (one-half of $8,478.50, less $1,419.54, the amount awarded him by the judgment appealed from), and decrease the award to the appellee-wife by a like amount.
Appellant's second assignment of error is the trial court's refusal to award him, out of appellee's share, one-half of the cost of improvements to, and upkeep of, the property. Those costs were paid with his separate funds. The alleged improvements and upkeep were made by the husband in spite of the injunction. They consisted of painting, kitchen cabinets, adding a patio, and other minor repairs. They were performed by him, his father, and/or his brothers. The cost of such work may be recovered only if the person claiming reimbursement can prove both that the work was *62 necessary and that the value of the property was enhanced thereby.[3]
The property in suit was purchased in 1969 at a cost of $21,500. It was appraised in August, 1977 for $30,000 and sold in 1978 for $37,000. The alleged total cost of the improvements and upkeep was $1,690. The trial court found there was insufficient evidence to establish the improvements enhanced the value of the property, and that the difference between the appraised value and sale price, as well as the difference between the cost in 1969 and the sale price in 1978, could not be attributed to these expenditures. He further noted defendant had violated the terms of the injunction and should not be rewarded therefor. We agree with those conclusions. In addition, we are of the opinion appellant's "upkeep" was not made for the preservation of the property, but rather for his own use and benefit.
The last assignment of error is the trial court's refusal to reimburse appellant for taxes and insurance paid on two formerly community-owned automobiles.
The record reflects that by agreement between the litigants each was to use and (possibly) keep one of the vehicles. When the husband's automobile became inoperative, he took the car the wife was using without her knowledge or consent, and never returned the vehicle. In the final settlement the husband received both cars and made a small payment ($485) to the wife for the car he had converted to his own use, in effect purchasing that car.
We note the wife needed transportation to work, as did the husband. She was deprived of that transportation when the husband converted the use of both cars to his own use and enjoyment to the exclusion of his wife. The trial court felt that under the circumstances appellant was not entitled to reimbursement. We find no error in that conclusion. Although the record is not clear on this point, if by the agreement each party had become the owner of one of the vehicles, the wife clearly could not be held responsible for taxes or insurance on either car. If, on the other hand, the vehicles were owned by the parties in indivision, each co-owner was entitled to possess and use the common property, but only if such possession and use was not to the exclusion of the co-owner. Here, appellant's actions effectively prevented and excluded the appellee from using either of the two vehicles.
Finally, only by way of brief, and only in the event the judgment appealed from is altered in any respect, appellee prays that we also revise the judgment so as to give her credit for the checks allegedly improperly converted to his use by the husband, a claim denied by the trial court. Since she has neither appealed nor answered the husband's appeal, we cannot consider her request.[4]
For the reasons assigned, the judgment appealed from is amended so as to disburse the $20,254.44 to be divided between the parties by awarding the appellant, David George Lentz, the sum of $12,731.70, and by awarding the appellee, Mrs. Carol Lynn Cue Lentz, the sum of $7,522.74. As thus amended, and in all other respects, the judgment appealed from is affirmed. Costs in this court are to be paid by the appellant.
AMENDED AND AFFIRMED.

ON REHEARING
PER CURIAM.
Among other matters in his application for rehearing, appellant contends our decree is mathematically incorrect and fails to give him the $1,419.54 trial court award which we have affirmed.
We agree our decree is mathematically incorrect to the extent that appellant should be awarded an additional $100 and *63 appellee's award should be decreased by that amount.
We do not agree with the second contention. The $1,419.54 amount referred to in appellant's application was included in the trial court's award to appellant. That amount represented the appellee's responsibility for the total payments appellant had made out of his separate funds on the note principal. Our decree simply adds to appellant's award in the trial court judgment one-half of the amount he paid out of his separate funds for interest, taxes and insurance and deducts the same amount from the award to the appellee.
Accordingly, we recall and rescind our original decree and now enter the following decree:
"For the reasons assigned, the judgment appealed from is amended so as to disburse the $20,254.44 to be divided between the parties by awarding the appellant, David George Lentz, the sum of $12,831.70, and by awarding the appellee, Mrs. Carol Lynn Cue Lentz, the sum of $7,422.74. As thus amended, and in all other respects, the judgment appealed from is affirmed. Costs in this court are to be paid by the appellant."
In all other respects, both applications for rehearing are denied.
NOTES
[1] An injunction prohibiting encumbrance or disposal of community assets also was issued.
[2] Kennedy v. Kennedy, La.App., 391 So.2d 1193; Butler v. Butler, La.App., 228 So.2d 339; Arcemont v. Arcemont, La.App., 162 So.2d 813, and cases cited therein; Loret v. Fugler, La. App., 71 So.2d 384.
[3] See Davidson v. McDonald, 131 La. 1047, 60 So. 679; Ferrier v. Mossler, La.App., 23 So.2d 341.
[4] LSA-C.C.P. Art. 2133.