GARRISON, Judge.
This appeal deals with certain procedural questions regarding the judicial partition of community property. The parties to this proceeding were divorced, and the wife subsequently filed a petition to partition the community property, alleged to consist solely of a house and the lot on which it stands. The husband, although duly cited and served, filed no responsive pleadings of any kind and allowed the wife to obtain a default judgment. The judgment decreed the wife to be owner of an undivided one-half interest in the property, ordered the property to be sold at public auction, and appointed a notary public to effect partition of the proceeds. The judgment also ordered the property to be sold subject to a first mortgage in favor of Dryades Savings & Loan Association.
The husband was high bidder at the public auction and the property was sold to him. Prior to paying the cash sale price to the sheriff, however, the husband filed two motions setting rules to show cause. He sought court orders allowing certain credits against the amount due the wife in the partition and allowing him to pay the sheriff only one-half the amount bid in the auction (since he was already owner of a one-half interest in the property), and also to receive credit for the present principal balance of the mortgage. The district court rendered judgment allowing the husband credit for “payments made to reduce principal on home mortgage from date of judicial demand,” payments for house painting and sewer installation, allowed him credit for the principal balance on the mortgage as of March 1, 1978, and also allowed him to pay only one-half of the bid price. Ms. Molero, the wife, has appealed suspensively from this judgment.
Plaintiff-appellant has raised a number of issues on appeal. These issues may be simplified, however, by combining them into one broad restatement: whether a defendant in a partition proceeding may raise the issue of his entitlement to credits by rule to show cause, when he has failed to respond to the petition for partition and has allowed the plaintiff to obtain a default judgment ordering the partition. (This statement encompasses the major thrust of the issues raised by appellant; most of them are concerned with admissibility of evidence introduced by the husband, if he were to be allowed to raise the issue of credits under the circumstances here.)
We believe this situation is clearly covered by an earlier ruling of this court, in the case of deMonte v. McManus, 294 So.2d 605 (La.App. 4th Cir. 1974). In that case, the wife filed a petition for settlement of the community, and the husband filed an answer of general denial, praying only that the wife’s petition be dismissed. The district court rendered judgment ordering partition, but allowing the husband credit for mortgage payments, tax payments and repairs. This court ruled on appeal that the evidence offered by the husband “would actually seem to be in support of an incidental demand, that is the establishment of extraneous debts due him over and above his one-half interest.” We concluded,
“In either event, it is required that the debts of the husband be pleaded either as an affirmative defense or as an incidental demand, and his failure to do so, when objection is timely made, restricts him only to the relief requested in his answer, that is, dismissal of the petition.” 294 So.2d at 608.[1]
It is clear from the record here that the wife’s attorney did make timely objection to *1323 proof of any debts due the husband. Accordingly, that testimony was inadmissible, and therefore that portion of the judgment awarding the husband credit for mortgage payments between the date of judicial separation and date of judicial sale and for house painting and sewerage installation is null.[2]
Plaintiff-appellant has not complained of the second portion of the judgment, in which the husband was allowed to pay only one-half of the bid price to the sheriff, and to receive credit for the principal balance of the home mortgage as of March 1, 1978. Therefore, we affirm that portion of the judgment.
Accordingly, the judgment appealed from is amended to delete the credit allowed the husband for mortgage payments and for house painting and sewerage installation made between the date of the judgment of separation and the date of the judicial sale, and affirmed in all other respects. Appel-lee is to pay all costs of this appeal.

AMENDED AND AFFIRMED.

. The basis for this conclusion is that a partition proceeding is subject to the rules regulating ordinary proceedings (La.Code Civ.Pro.Art. 4603).

. Defendant-appellee attempts to distinguish this case from deMonte, citing Cookmeyer v. Cookmeyer, 354 So.2d 686 (La.App. 4th Cir. 1978). The Cookmeyer case itself, however, notes the difference in factual situations: In deMonte, a petition for settlement of the community had been filed (making the proceeding subject to rules governing ordinary proceedings), while in Cookmeyer, no such petition was filed; the wife had simply filed a rule to show cause why proceeds from the sale of some community property should not be divided between her and her husband. In deMonte the proceeding was an ordinary proceeding, requiring an answer, while in Cookmeyer it was a summary proceeding from the outset, “which obliges one only to show, and not to plead, cause.” 354 So.2d at 694. The facts before us clearly fall under deMonte rather than under Cookmeyer.