LOTTINGER, Judge.
This is a suit to eject defendant lessee from the undivided one-half interest of petitioner in a certain tract of land situated in the Parish of East Baton Rouge, Louisiana. From judgment below in favor of defendant, and rejecting petitioner’s demand, the petitioner has appealed.
The facts show that during the month of April, 1951, Joseph Loret, and petitioner were husband and wife. Said Joseph Loret, as head and master of the community, leased to the defendant, by verbal agreement, a certain tract of real estate belonging to the community of acquets and gains existing between Loret and petitioner. The rental was $80 per month. Sometime after the said lease was entered into, Joseph Loret sued his said wife, the petitioner herein, for separation from bed and board and was successful in his said suit. Of course, the judicial separation of the parties rendered them separate in property, and the said Loret and petitioner continued to own the said tract of land in indivisión, one-half thereof to Loret and one-half thereof to petitioner. After the judgment of separation from bed and board, the defendant paid the rental on the property one-half to each of the owners in indivi-sión, until his verbal lease terminated in April, 1953.
On April 29, 1953, the petitioner wrote defendant offering to lease him her undivided one-half interest in the said property, but her offer was rejected by defendant. The defendant did accept a lease from Mr. Loret on his half interest therein and is now in possession of same under said lease. The record shows that defendant is not in possession of all the said tract of land. He raises cattle on a portion of said property, and the petitioner raises cattle on another portion thereof. It is shown that the cattle sometimes co-mingle. Defendant occupies one building as his home and makes use of a barn, however, he has never excluded the petitioner from the said buildings.
The evidence shows that there are two other residences on the property besides the one occupied by defendant. According to the testimony of defendant, the petitioner occupies one of the said residences, and Mr. Joe, presumably Mr. Joseph Loret, the other. The record shows that defendant, at first, put his cattle in the portion of the tract of land nearer the river, or the front portion, and that the petitioner put her cattle in the back portion. However, someone left down a gap in the fence separating the two portions, and the cattle have been intermingling in both portions of the land. The defendant has never refused to allow the petitioner the use of any portion of the property or of the buildings which he occupies.
The lower court held that petitioner and Mr. Joseph Loret, as owners in indivisión, are both entitled to their rights of possession over the tract of'land. They held further that the defendant herein is in possession of Mr. Loret’s share of the property by virtue of the lease between Loret and defendant, and that the laws of our State allow a tenant the right of possessing an undivided interest of his lessor. The lower court, accordingly gave judgment for defendant, and dismissed petitioner’s suit. The petitioner has taken this appeal.
The plaintiff has based practically her entire case on the holding of Gulf Refining Co. of Louisiana v. Carroll, 145 La. 299, 82 So. 277, 279. In that case, one of the defendants sold his son, a co-defendant, an undivided half of a certain tract of land. The sale was on credit, conditioned that the interest should be paid yearly, and that failure to meet any payment promptly would mature the entire obligation. The son executed a mineral lease on his undivided half interest in favor of petitioner. Later, oil was' discovered in the vicinity; and the lease became a disadvantageous one to the’ lessor. The lessor, therefore, defaulted in his payments and his "father sought to dissolve the sale, and was successful. "The petitioner, on finding out what had hap *386 pened, appealed and sought to have the judgment reversed, contending that the suit in which it was rendered was merely a collusive proceeding to get rid of the lease. The Supreme Court held that the judgment dissolving the sale was good, and dismissed the suit by Gulf.
The court, in the Gulf Refining Co. case held that an owner in indivisión cannot hold, or lease, his undivided interest in the property to the exclusion of the other undivided owner. This is shown by the following quotation from the decision in said case:
“Using the instant case for illustration, if the lessee' of M. J. Carroll, or M. J. Carroll himself, sought to bore a well on any particular part of the estate, S. P. Carroll-would'have the perfect right to oppose it, on the ground that the particular spot where the well is proposed to be bored belongs to him as much as to M. J. Carroll- or his lessee, and that the latter are. not entitled to the exclusive possession of it.”
The defendant, or his lessor, in the instant case is not possessing any part of the property to the exclusion of the-petitioner. Defendant is possessing under his lease from Mr. Loret, and is only in possession of the undivided one-half owned by Mr. Loret, as is shown in the record. We see no reason why an undivided owner may not possess his'undivided portion of a tract of land through a tenant, so long as thát tenant does not exclude the other undivided owners.
Defendant cites, in support of his contention, Lewis v. Klotz, 39 La.Ann. 259, 1 So. 539, 541. In the said case, a tract of land was owned in indivisión by John Gonzales, John Perico and Raphael Gonzales. They leased the property to petitioner for a period of two years. Subsequently, a recorded judgment against John Gonzales was executed, and defendant in suit purchased the undivided one-third interest of John Gonzales. The defendant went into possession of the whole of the property and dispossessed the tenants under the lease before the expiration of the lease on the theory that the lease, though written, was not recorded and that defendant’s purchase of an undivided portion of the property terminated the existing lease. The court, in that case, said:
“The purchase at sheriff’s sale of one-third of the plantation by the defendant did not dissolve the lease of the entire plantation, and render ex-igible, as contended by defendant, all the obligations of the lessees, as fully as if the term of the lease had expired. Granting that it dissolved the lease as to John Gonzales’ one-third of the land, it had no legal effect on the rights of the lessors to or upon the remaining two-thirds not embraced in the seizure and sale. The defendant, as owner of the one-third of the land under the adjudication, was entitled to take possession of the one undivided third of the plantation, but no more. He could acquire no greater right or title to the plantation under his purchase than John Gonzales, his judgment debt- or, held. He could have possessed himself of this interest, and, if he chose, have cultivated the same, but not so 'as to infringe upon the rights of the lessees upon the remainder of the plantation. If this course did not suit him, or was deemed inconvenient or impracticable, he had the option to resort to a partition, and have his interest segregated and made definite. He had no more right to enter on the portion of two-thirds interest of the plantation, under his purchase of the one-third, than a stranger would have had; and to this extent, and as relates to such portion, unaffected by his seizure and judicial sale, as stated, his attitude and conduct cannot be viewed otherwise than as that of a trespasser. Becnel v. Becnel, 23 La.Ann. 150; Balfour [’s Heirs] v. Balfour, 33 La.Ann. [297] 298; Rev.Civil Code, arts. 2732, 2733.”
In the Lewis case, the defendant was attempting to possess the whole of the property to the exclusion of -the lessee of *387 his co-owners. Such is not the case in the present suit. The defendant is perfectly-willing- to possess the property in indivisión with the petitioner. It cannot he said that petitioner’s co-owner, Mr. Loret, did not have the right to personally possess his undivided half of the property in question, as long as it was not to the exclusion of his co-owner. We believe that his lessee has the same right under his lease from Mr. Loret.
Were we to evict the defendant from the property in question, we would be granting petitioner possession of the property to the exclusion of the rights of her co-owner. Such is not the law of our State. Each of the owners in indivisión are entitled to possess the property, as long as it is not to the exclusion of his co-owner. Either of the co-owners who are not satisfied with the said arrangement, is entitled to a partition.
For the reasons hereinabove assigned, the judgment of the lower court is affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.