162 So.2d 813 (1964)
Mrs. Agatha VERRET, wife of Gilman A. ARCEMONT,
v.
Gilman A. ARCEMONT.
No. 1410.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1964.
*814 Frederick P. Heisler, New Orleans, for plaintiff and appellee.
Tapper, Schuler & Perez, William P. Schuler, Arabi, for defendant and appellant.
Before McBRIDE, REGAN and JANVIER, JJ.
McBRIDE, Judge.
Plaintiff-wife obtained a separation from bed and board in these proceedings, and after two years had elapsed, there having been no reconciliation, the husband petitioned for and was granted a final divorce.
Belonging to the community of acquets and gains formerly existing between the parties was a certain piece of real estate which had constituted the matrimonial domicile; after obtaining the divorce, the husband petitioned for a partition thereof by licitation. The parties then agreed that the wife would purchase the husband's share and interest for $4,080.26 and that said sum would be deposited in the registry of the court below pending certain claims thereagainst for moneys allegedly expended by the wife from and after the judgment of separation up to the date of the judgment of divorce for upkeep and preservation of the property. The trial court ultimately decreed that after the date of the rendition of the judgment of separation from bed and board, the wife had expended the following amounts for such purpose:

 a.) Principal and interest on
 mortgage note ............$3,242.20
 b.) Taxes and Insurance ...... 605.68
 c.) Repairs .................. 88.90.

Judgment was rendered recognizing the wife as a creditor of the husband for $1,968.39 and as such entitled to reimbursement out of the sum deposited for his account in the court's registry and decreeing him to be the owner of and entitled to the balance of $2,111.87. The husband appeals.
In seeking reversal of the judgment, the only contention made by appellant is that *815 the awarding of the alimony pendente lite and the granting of the alimony in the judgment of separation from bed and board was conditioned that the wife pay the monthly installments as they became due on the mortgage on the property "until the further orders of the court", and the argument follows that the wife, therefore, has no claim against appellant for any part of such amounts as she may have expended for the preservation of the property.
The judgment for $300 per month alimony pendente lite required that the wife "out of said alimony, is to pay the Fidelity Homestead mortgage on the matrimonial domicile in monthly installments of $65.82, as well as other obligations for the household furniture that are being paid in installments, and an item of $10.00 per month for the page fence; said plaintiff to pay these monthly installments until the further orders of the Court."
The judgment of separation from bed and board, which was rendered some months subsequently, unconditionally condemned the husband to pay "alimony, pendente lite, for the maintenance and support of plaintiff and the three minor children, in the sum of $300.00 per month."
The wife is not seeking to recoup any amounts she expended prior to the rendition of the second judgment for alimony; she is merely seeking recovery of one-half of her expenditures made from and after the decree of the separation from bed and board. What appellant would have us do is to read into the second judgment of alimony the condition that the wife was obligated to pay installments on the mortgage and taxes on the property. The judgment contains no such condition and none can be supplied. Said judgment is res judicata and is the wife's vested property right and this court cannot construe it as implying that she was condemned to continue the payments of the mortgage installments. McGee v. McGee, La.App., 157 So.2d 312.
The husband is also contending that he at least is entitled to offset as against his wife's claim the amount of rent which is due him for her use of his half share of the property after the date of the judgment of separation.
The judgment for separation from bed and board carried with it the dissolution of the community of acquets and gains and the parties thereafter occupied the status of co-owners of the property. LSA-C.C. arts. 136, 155; Talbert v. Talbert, 192 La. 837, 189 So. 448; Rhodes v. Rhodes, 190 La. 370, 182 So. 541; Giglio v. Giglio, 159 La. 46, 105 So. 95. A co-owner has the right to use the common property without the payment of rent. Juneau v. Laborde, 228 La. 410, 82 So.2d 693; British American Oil Producing Company v. Grizzaffi, La.App., 135 So.2d 559; Wagner v. Wagner, La.App., 134 So.2d 670. If either co-owner is dissatisfied with such arrangement, he is entitled to a partition. Loret v. Fugler, La.App., 71 So.2d 384.
In Sharp v. Zeller, 114 La. 549, 38 So. 449, the Supreme Court said:
"The right of the joint owner in possession to be reimbursed necessary expenses for the preservation of the common property is well settled. Fuselier v. Lacour, 3 La.Ann. 162; Smith v. Wilson, 10 La.Ann. 255.
"The liability of the co-owner not in possession to refund his part of necessary expenditures arises ex aequo et bono. * * *"
LSA-C.C. art. 2299 (under the heading "Quasi Contracts") provides that equity obliges the owner to reimburse the manager (who has taken upon himself the management of some particular affair) for all useful and necessary expenses.
For the above and foregoing reasons, the judgment appealed from is affirmed
Affirmed.