BOUTALL, Judge.
After obtaining a judgment of separation from bed and board, and then a judgment of divorce, Mrs. Felicidad deMonte McManus filed suit against her former husband, Daniel G. McManus, Sr., by way of a petition entitled “Petition for settlement of Community.” The defendant filed a general denial. Judgment was subsequently rendered in favor of Mrs. Mc-Manus decreeing a certain piece of real estate to be community property and ordering that it be sold at public auction for division of the proceeds but the judgment further decreed that Mr. McManus was to receive the sum of $2,651.81 from the net proceeds of the sale before the division. Mr. McManus has taken a suspensive appeal from the judgment and Mrs. Mc-Manus followed with a devolutive appeal.
In order to bring out the issues it is first necessary to set forth a brief statement of certain of the procedural aspects and factual situation herein.
On April 4, 1968, Mrs. McManus filed a suit for separation against her husband and on May 2, 1968 obtained a judgment of separation awarding her custody of their three minor children. On August 15, 1969 Mrs. McManus filed petition for divorce and on October 7, 1969 she was granted judgment of divorce awarding custody of the children. There were no allegations of community property in the two prior petitions, nor was there any statement in either judgment concerning community property. On April 15, 1971, Mrs. McManus filed a petition for settlement of community in which she alleges that the community existing between the parties acquired some community property and that she is unwilling to continue as owner in indivisión and desires a partition. She further recites that the property acquired is' not divisible in kind but must be sold and makes specific reference to the matrimonial home which consists of real estate located at 4657 Charlene Drive, New Orleans. She further recites that she has made mortgage payments on the real estate from October 1967 through November, 1968 as well as 1968 taxes, and that she is entitled to be reimbursed for these payments. Answering this pleading, the defendant simply denied each of the allegations and prayed for judgment in his favor dismissing plaintiff’s petition.
The facts show that the parties acquired the property 4657 Charlene Drive on October 22, 1965 for the sum of $26,500.00, financed by a mortgage in favor of Home Mortgage & Investment Company, now held by Standard Mortgage Corporation. The parties lived in the premises as the matrimonial domicile until December 8, 1967 at which time Mr. McManus left, and Mrs. McManus left several days later. The premises were rented for $150.00 per month beginning February 1968 until March 1969. Because of nonpayment of rent in March, Mr. McManus evicted the tenants and moved in himself. He has resided in the premises up until the date of trial. Mrs. McManus makes claim against the community for mortgage payments and taxes made from November 1967 to November 1968. Mr. McManus claims similar credit for mortgage payments, taxes and repairs made since April 1969 to trial date. It further appears from the record that there was other community property in existence, consisting mainly of furniture and appliances and an automobile. These items have apparently been divided amicably by the parties between themselves, however, the record does not disclose the details of such division in kind. The true standing of the community of acquets and gains as existing between these parties cannot be ascertained from the record, and in fact, the informal method of division, as well as the apparent agreements of the parties outside of the record herein cause great con *607 fusion. We shall discuss some of this confusion later as it bears upon the pertinent issues here.
After a trial on the merits, the trial judge, who was apparently doing his best to settle the various complaints of the parties, such as were presented to him, rendered a judgment recognizing that the premises on Charlene Drive was community property and ordered a partition by lici-tation. In that judgment he recognized the sum of $2,651.81 as a debt due by the community to the separate estate of Mr. Mc-Manus, and ordered its payment from the net proceeds of the proposed sale, prior to the division of the remaining proceeds between the parties. Both parties have appealed assigning several grounds of error.
The first party to perfect an appeal is Mr. McManus and we shall consider the issues he raises first. The major issue he raises is whether or not a co-owner can force the sale of a house, when that co-owner owns no interest therein. The basis for this rather novel and anomalous proposition is presented to us as follows: Although Mr. and Mrs. McManus are admittedly co-owners in indivisión to the extent of an undivided one half interest each in the community real estate, because of the fact that Mr. McManus has paid numerous mortgage payments on the premises, taxes and repair bills, as well as various community debts, Mrs. McManus can no longer assert her rights of ownership, because the debts owed to Mr. McManus are greater than whatever benefit she may hope to derive from a sale of the community property. He does not enlighten us as to how or why payments by the husband of community debts after the community has been dissolved can serve to automatically transfer title into his name, and indeed we cannot think of any method either. It is undisputed that the home in question is a community asset, having been acquired during the existence of the marriage. LSA-C.C. Art. 2402. The effects which compose the partnership or community of gains are divided into two equal portions between the husband and the wife at the dissolution of the marriage. LSA-C.C. Art. 2406. Thus at the time in question, Mrs. McManus is vested with all of the rights of co-ownership, and cannot be divested of those rights by the unilateral action of her husband. The effect of appellant’s argument is to ask us to do that which we have previously ruled cannot be done, that is to judicially settle the community by reference to cash values only without requiring a partition required by law. We said in the case of Foster v. Foster, 246 So.2d 70 (La.App. 4th Cir. 1971):
“[1] The lower court’s judgment is erroneous in several respects, the most important of which is its failure to grant the relief for which the plaintiff prayed and to which she is clearly entitled, namely a partition of the community property. Such a judgment is the predicate upon which the remainder of the partition process must be based.”
Perhaps even more closely akin to the situation proposed here is that described in Butler v. Butler, 228 So.2d 339 (La.App. 1st Cir. 1969). We also refer to LSA-C. C.P. Arts. 4603-4604-4605-4606 and 4607. It would appear from the record here, although as we have mentioned there is some confusion, that the court considered that the parties had in effect reached a non-judicial partition in kind of certain items of the community and that the only asset left to be divided, and so specified in plaintiff’s petition, is the real estate in question. This property was ordered sold by the court and the parties referred to a Notary Public to effect a partition and distribution of the proceeds. We agree with this ruling.
The other error urged to us by defendant-appellant is that the court erred in failing .to recognize all of the debts which he claims are due him, but only recognized a portion thereof. Since a ruling on this point is dependent upon a ruling on one of the errors assigned by the plaintiff-appellant, we must consider them together. *608 Plaintiff-appellant urges to us as error any consideration of payments of mortgage installments, taxes, repairs or other debts by defendant because the defendant simply filed an answer amounting to a general denial and prayed only for dismissal of plaintiff’s suit. Thus, any evidence of debts due defendant are beyond the pleadings and are inadmissible.
LSA-C.C.P. Art. 4603 provides that a partition proceeding, except as otherwise provided, is subject to the rules regulating ordinary proceeding. LSA-C.C.P. Art. 1005 requires that an answer shall set forth affirmatively extinguishment of the obligation in any manner and any other matter constituting an affirmative defense. In this case the plaintiff has pleaded that there are certain debts due her by the community because she made payment of mortgage installments and taxes out of her separate funds. In effect, what has happened here is that the court has considered the amount due her under her pleading as aforesaid, has permitted that debt to be extinguished by the application of debts due the husband, and rendered a judgment in favor of the husband for the excess amount of debts due him. If we view the proceeding as simply a petition for a partition by licitation and award of one half interest each to the parties of the proceeds, the evidence offered by the defendant would actually seem to be in support of an incidental demand, that is the establishment of extraneous debts due him over and above his one half interest. If we consider the issue simply in the light of the wife’s pleading of debts due, then of course it is an affirmative defense of extinguishment of the obligation.
In either event, it is required that the debts of the husband be pleaded either as an affirmative defense or as an incidental demand, and his failure to do so, when objection is timely made, restricts him only to the relief requested in his answer, that is, dismissal of the petition. We have examined the trial record, and we note that opposing attorney did make timely objections to proof of any debts due the husband, and the testimony elicited over objection should have been ruled inadmissible. The effect of such a ruling would wipe out the judgment in the husband’s favor.
Here arises the major portion of the confusion. We note from the record that after the trial began and there were objections presented in connection with the proof offered, the court, in an effort to straighten out the confusion and conduct an orderly trial, held an off-record discussion with the attorneys, and after that discussion (tr. 18) the court entered a ruling with the following colloquy:
“THE COURT:
I am going to rule that the hearing will take into consideration any and all claims of either party to any community property and to make a settlement thereof.
Any objections?
“MR. D’AMICO:
No objection. We intend to show what community property was acquired between the parties.
“MR. McCALEB:
No objection.
“THE COURT:
Proceed.”
This procedure would generally indicate to us that the plaintiff had waived his right to object to any evidence of the husband’s debts and had widened the scope of the trial to include such issues. However, we see that on the very next question concerning the making of a loan by the husband there was objection made as follows:
“MR. D’AMICO:
My objection to all this evidence with any loans which the defendant has made because same has not been pleaded and pursuant to 1005, set off, which *609 must be pleaded and this has not been pleaded.
(Off record discussion.)
There was no ruling entered upon the objection, but there was simply a continuation of the examination with regard to other community assets. Similarly, after a short time, attorney for defendant sought to produce evidence of mortgage payments, insurance and taxes on the property by defendant and there again was an objection (tr. 28) :
“MR. D’AMICO:
I also object towards the evidence from April, 1969, may it please the Court, based on Article 1005.
(Off record discussion.)”
Here again there was no ruling on the objection, but the attorney for defendant continued the line of examination to establish the debt due. We assume that a ruling on the objection was made during the off-record discussions, but the record is silent as to what the ruling may be. From the course of the examination, we are unable to tell whether the objection was recognized and simply made general to all of the testimony along the line objected to, or whether the objection was overruled. In any event because of these immediate objections, we hesitate to conclude that the court’s announcement to which there was no objection made, did mean that there was no objection to evidence of the husband’s debts being produced. Under these circumstances, we do not have sufficient facts before us to be able to render a decision as to the admissibility of such testimony. For this reason we feel that we must remand this portion of the case in order to obtain a basis for making a ruling which would be just to the parties involved.
However, it does appear that the defendant has introduced all of the evidence which he sought to introduce into the record. For this reason, we do not feel it necessary to remand for a new trial of all of evidence of debts, but simply for a determination as to an explanation of the trial court’s rulings. This matter has been pending for some time, and both parties seem anxious to settle their rights. In order to assist in such determination, we have examined the evidence presented, and in general we find no error in the rulings of the trial judge, except in one instance.
The trial judge refused to permit evidence of payment of mortgage installments beyond the date of filing of the petition for settlement of the community. This we believe to be error. Since the basis of recognition of such a debt is the preservation of the property by the co-owner, we see no reason why any mortgage payments made after the institution of these proceedings should not be considered. They are not any less for the preservation of the property after filing the petition, and indeed, without the making of such payments, the mortgage would probably be foreclosed upon and perhaps the owners dispossessed of their title.
Although we could by simple computation bring the amount of the mortgage payments up to the date of trial, we are informed that the defendant was at the time of trial still living in the premises and that he was still making the payments. For this reason we feel it better to defer the final decision as to the amount due until such time as the property is sold. In this regard we refer to the case of Butler v. Butler, supra, wherein the following is stated:
“In any event, so long as the house remains unsold, and so long as Mr. Butler continues to make payments on the note, we can make no final determination as to what might be due him by the community, or vice versa. He is entitled to credit for whatever he pays out in the way of payments and maintenance, and must account for all rentals received by him. This must also await the final liquidation of the community.”
*610 For the reasons hereinabove discussed, we affirm that portion of the judgment appealed from in favor of plaintiff Felicidad deMonte McManus and against Daniel G. McManus, Sr., recognizing them to be owners in indivisión of the property described therein, bearing Municipal #4657 Charlene Drive, ordering that the property be sold at public auction and ordering that all of the costs, mortgages and liens be paid and that the balance of the proceeds be equally divided between the parties, except that we amend said judgment to require that the parties be referred to a Notary Public appointed by the trial court to effect the payment of the debts and the division of any balance, and we annul that portion of the judgment which reads as follows: “It is further ordered, adjudged and decreed that after all of the above costs, etc., are paid, Daniel G. McManus, Sr. is to receive the sum of $2,651.81, from the net proceeds of the said sale.” As to this portion of the judgment, we remand this matter to the trial court for a determination of the objections raised as herein specified, and for the introduction of evidence of further mortgage installment payments from date of filing the petition for settlement as specified. Each appellant shall bear his own costs of this appeal.
Affirmed in part, amended in part, annulled in part, and remanded.