415 So.2d 229 (1982)
Lorene Hickman MICHAEL, Plaintiff-Appellee,
v.
Patrick James MICHAEL, Defendant-Appellant.
No. 14817.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1982.
James L. Fortson, Jr., Shreveport, for plaintiff-appellee.
Campbell, Campbell & Johnson by John T. Campbell, Minden, for defendant-appellant.
Before HALL, JASPER E. JONES and NORRIS, JJ.
NORRIS, Judge.
Defendant appeals a portion of a judgment on a post divorce rule for recognition of community debts and for distribution of community funds held in escrow after the sale of the family home.
*230 The sole issue presented for determination in this appeal is whether the plaintiff wife is entitled to full reimbursement for the principal and interest payments made by her on the mortgage indebtedness on the home during her residence there subsequent to the parties' separation. We hold that she is entitled to full reimbursement thereby affirming the ruling of the trial court in this regard.
Plaintiff originally filed a suit for separation in these proceedings on October 12, 1979, alleging that the parties had physically separated on October 8, 1979. Contained within her petition was reference to her desire for an amicable resolution of the division of community property and the request that she be allowed the use of the family home until such time as it was sold. On October 8, 1979, the trial court signed an order issuing a rule directed to defendant to show cause why he should not pay child support and why plaintiff should not be allowed the use of the family home during the pendency of these proceedings. The resulting judgment on rule signed December 3, 1979, awards plaintiff custody, child support but is silent on her use of the family home.
On December 12, 1979, defendant answered the suit and reconvened seeking a separation and a partition of the community property by licitation. Subsequently, plaintiff filed a motion to sever the portion of the reconventional demand seeking the partition which was granted by the trial court.
Thereafter, on January 17, 1980, a trial was held on defendant's reconventional demand for a separation and judgment was rendered in favor of defendant. While providing for the separation, child support, custody, and visitation, this judgment contains no provision regarding plaintiff's use of the family home.
On October 10, 1980, plaintiff filed a petition for divorce and a judgment of divorce was obtained on February 4, 1981. Our review of the record indicates that the severed portion of the reconventional demand pertaining to the partition of the community was allowed to lie dormant, and that no further action regarding the community property was taken until June 10, 1981, when plaintiff filed the rule resulting in the judgment made the subject of this appeal.
Prior to the filing of this rule, the family home had been sold, and the funds obtained therefrom had been escrowed with Caddo Abstract and Title Company pending a ruling by the trial court regarding their distribution. There is no dispute regarding the fact that plaintiff continued to occupy the family home until it was sold and that she made seventeen payments totaling $5,845.96 from October 12, 1979 to March 12, 1981, on the mortgage indebtedness.
After considering all of the evidence submitted by the parties, the trial court in oral reasons for judgment relying on the case of Kennedy v. Kennedy, 391 So.2d 1193 (La. App. 4th Cir. 1980), writ refused, 396 So.2d 883 (La.1981), found that plaintiff was entitled to be reimbursed for the full amount of the payments which she made on the mortgage indebtedness from October 12, 1979, to March 12, 1981.
Defendant argues that the trial court's ruling was erroneous in this regard and that plaintiff should only be reimbursed for the amount her payments reduced the principal indebtedness on the mortgage. The main thrust of his argument is that the court in Kennedy, supra utilized faulty reasoning in awarding a wife full reimbursement for mortgage payments after dissolution of the community even though the wife occupied the family home. He further contends that this result is "grossly inequitable" and that plaintiff has been unjustly enriched because she was not only allowed occupancy of the home but that she was also allowed deductions for income tax purposes for the amounts of interest paid to the mortgagee. Defendant suggests that the equitable resolution of this matter would allow plaintiff full credit for the amount which she reduced the principal and would prorate equally between the parties the remaining amounts. We disagree.
We further note in defendant's brief his continual referral to an ex parte order of the trial court which orders defendant to *231 move from the family home and awards use of that home to plaintiff. A careful review of the record reveals no such order or even a judgment which awards to plaintiff the use and occupancy of the family home. He further argues that he had no choice with regard to the disposition of the property in question until the actual sale of the property occurred. We disagree. The record reflects that he in fact filed a reconventional demand for partition of the community property and that no further action was taken with regard to this partition after the order of severance. Certainly, defendant could have asserted his right to a partition of the property if he did not wish to remain a co-owner with plaintiff. This he chose not to do. Therefore, we find defendant's arguments to be without merit.
In Kennedy, supra, the court was faced with this identical issue and a similar factual situation. We approve the reasoning of the court in Kennedy and cite the following pertinent language which we feel is dispositive of the instant situation:
Once the community of acquets and gains was terminated by the legal separation, and the husband and wife became co-owners, each had an obligation to maintain and preserve the property. Further, we have recognized that a co-owner has the right to use the common property without the obligation to pay rent. Arcemont v. Arcemont, 162 So.2d 813 (La.App. 4th Cir., 1964).
The husband was cognizant a mortgage existed on the community property. He made some payments and was awarded reimbursement. Unless timely payments continued then both spouses as co-owners would have been subject to financial loss by executory process. Monthly mortgage payments are certainly necessary expenditures when considering the preservation of the property. Either spouse herein, or any co-owner of realty, who is dissatisfied with the arrangement by which each has the right to use the common property without payment of rent is entitled to a partition. C.C. Art. 1289; Arcemont, supra; Loret v. Fugler, 71 So.2d 384 (La. App. 1st Cir., 1954).
We therefore conclude that the decision of the District Court was correct in awarding appellee wife full reimbursement for mortgage payments made after dissolution of the community of acquets and gains even though the wife occupied the property.
See also Cue v. Lentz, 411 So.2d 59 (La.App. 4th Cir. 1981).
Accordingly, the judgment of the trial court is affirmed in its entirety, and defendant is cast for all costs of this proceeding.
AFFIRMED.