460 So.2d 641 (1984)
Hilda Mae Power McCOY
v.
Elmer E. McCOY.
No. CA-1458.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
Rehearing Denied December 27, 1984.
*642 Martha E. Sassone, Marco A. Rosamano, Gretna, for plaintiff-appellee Hilda Mae Power McCoy.
Wayne E. Garrett, Charbonnet & Charbonnet, New Orleans, for defendant-appellant Elmer E. McCoy.
Before KLEES, LOBRANO and CIACCIO, JJ.
KLEES, Judge.
This appeal is from a judgment of the Civil District Court on a rule for settlement of community assets formerly existing between the appellant, Elmer McCoy and the appellee, Hilda Mae Power McCoy. The judgment appealed from declared the appellant's Pension Plan fund to be community property, owned equally by the parties, and therefore subject to partition.
The issues presented on appeal are: (1) whether the trial court erred in holding that the pension plan is a community asset; (2) whether the trial court erred in not granting to defendant credit for those contributions made to the Pension Fund prior to his marriage, subsequent to the dissolution of his marriage, and also 9.75 years claimed by the defendant to have been repurchased by him with separate funds; and (3) whether the court erred in failing to reimburse defendant and his separate estate for those community debts paid by him *643 subsequent to the dissolution of the community.
The McCoys were married on October 1, 1949. Although a suit for separation was filed by the wife on July 28, 1977, it was not pursued to judgment. The husband filed a petition for divorce in August 28, 1978, and judgment was rendered on December 14, 1978. Accordingly, the community of acquets and gains terminated on August 28, 1978. La.C.C. Art. 159.
Mr. McCoy joined the retirement system on June 14, 1949, three and one-half months before his marriage and retired on April 30, 1979, eight months after the dissolution of the community. These periods total eleven and one-half months or 0.96 years of creditable service not attributable to the marriage. He also accrued 1.8 years credit for unused annual and sick leave which would have been earned during the marriage. Accordingly, upon retirement, he was credited with 32.70 years of which 31.8 years is credited to the marriage or 97.25%, with the wife's share being 48.62% if the pension benefits are a community asset.
The appellant relies on Roberts v. Roberts, 325 So.2d 674 (La.App. 2d Cir.1976); Scott v. Scott, 179 So.2d 656 (La.App. 2d Cir.1965); and in pertinent part, Kennedy v. Kennedy, 391 So.2d 1193 (La.App. 4th Cir.1980), arguing that the statutorily created pension plans in those cases were held to be the separate and paraphernal property of the employee-spouse, and, by analogy, defendant-appellant is entitled to have the benefits under his pension plan with the Louisiana State Employee's Retirement System declared his separate and paraphernal property.
The appellee argues that the cases of Thrash v. Thrash, 387 So.2d 21 (La.App. 3d Cir.1980), writ den. 393 So.2d 745 (La. 1980); T.L. James & Company, Inc. v. Montgomery, 332 So.2d 834 (La.1976); and Sims v. Sims, 358 So.2d 919 (La. 1978) are controlling in this case, and, accordingly, Louisiana State Employee's Retirement System's pension funds are community property.
In Thrash the court decided that the former wife's rights in the Teacher Retirement System pension plan, which were acquired as a result of her employment during the existence of the community, were community property, and the husband was recognized as the owner of the one-half of that portion of the benefits attributable to his wife's employment during the existence of the community of acquets and gains. As the basis for this holding, our brethren on the Third Circuit held that a statutory state exemption forbidding execution-sale and limiting assignability of retirement plan proceeds does not preclude the classification of State Retirement rights as community property.
Thrash conflicts with the holdings of Roberts, Scott and Kennedy and refutes the reasoning of these cases. The Third Circuit relied upon Sims and T.L. James & Company wherein the Louisiana Supreme Court clearly set forth guidelines to be followed in determining community interest in deferred compensation plans.
In T.L. James, on rehearing Justice Tate, as organ for the court, stated that:
"Each contribution of the employer to the funds entitles the employee or his beneficiary to share subsequently in the funds' proceeds; when made during the community, the property right to share ultimately in the proceeds thereby acquired by the wage earner, is `acquire(d) during the marriage', Civil Code Article 2402 and is thus a community asset. Civil Code Article 2334; Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169 (1956). Therefore, the value of the right to share proportionately in the fund, which right is contractually acquired by virtue of each contribution, falls into the community during which the contribution is made; for by each contribution, when made, the employee (or his beneficiary or estate) has acquired a right to share pro rata in the proceeds ultimately payable from the funds to the employee or his contractual beneficiary or his estate.
The value of the right to share in the retirement and profit-sharing funds is an *644 incorporeal, movable right. When acquired during the existence of marriage, the right-to-share is a community asset, which, at the dissolution of the community, must be so classifiedeven though at the time acquired or at the time of dissolution of a community, the right has no marketable or redeemable cash value, and even though the contractual right to receive money or other benefits is due in the future and is contingent upon the happening of an event at an uncertain time. Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169, 174-175 (1956). When a community is dissolved, the employees spouse is thus entitled to be recognized as the owner of one-half the value of the right-to-share, insofar as attributable to the contributions paid into the fund as deferred compensation to the employee during the existence of the community (i.e., even though it may not by the contract be payable at that time). Id.; Laffitte v. Laffitte, 253 So.2d 120 (La.App. 2d Cir.1971), noted 33 La.L.Rev. 222-23 (1973). However, when the proceeds do become payable under the contract to the employee or his beneficiary or estate, the spouse is entitled at that time to receive payment as owner of her share of the proceeds, based upon the value of the right to share acquired during the community formerly existing between her and the wage earner.
For the reasons more fully set forth on our original opinion, we are unwilling to extend by analogy the principles applicable to the purchase of life insurance policies to the acquisition of community interests in retirement or profit-sharing funds such as those at issue. Jurisprudentially, as confirmed legislatively, life insurance interests are treated sui generis as an exception to the usual rules of acquisition of property interests during a community." T.L. James, at 851-852.
The appellee contends that the exclusivity of the statutory retirement plans is no basis to circumvent the enduring principles of community property, so fundamental to Louisiana law. Citing T.L. James, the appellee suggests an analogy between a private company retirement plan and the exclusive nature of the statutory pension plans, asserting that the exclusivity of either plan should have no bearing on the court's decision as to whether the benefits of the pension plan at bar are community or separate.
Appellant urges that the reasoning and holding of the T.L. James case does not apply to statutorily created pension funds, particularly, the Louisiana State Employee's Retirement System. However, the exemption provisions in the State Retirement plan which forbids the execution-sale and limits the assignability of retirement plan proceeds are no different, in principle, from similar provisions contained in 5 U.S.C. Section 8346 in the federal plan. Our Supreme Court in Sims classified such federal retirement benefits as community property. We cite with approval the reasoning expressed by our brethren of the Third Circuit in Thrash at p. 25:
"Exemption provisions such as 5 U.S.C. Section 8346 in the federal plan and LSA-R.S. 17:573 in the State Teachers Retirement System plan are not dispositive of ownership as they serve no classificatory function. The purpose of such exemptions serve merely to protect the funds contributed into the public retirement system by the employee and preserve the integrity of said funds and the benefits accrued thereon for the purpose of providing a pension for the public employee in retirement.
The Supreme Court of Louisiana in Montgomery and Sims held both private and statutory pension proceeds to be community property. On the basis of Montgomery and Sims we hold that, in the instant case, the retirement benefits acquired during the marriage are community property and the divorced wife has a one-half interest in that portion of the husband's state retirement benefits acquired during the marriage which, using the formula of Sims, may be calculated as follows:
*645
Portion of pension
attributable to creditable
service during
existence of community
 monthly
 (31.8 years) = 97.25% × ½ × annuity
Pension attributable
to total creditable
service (32.7 years)
Mrs. McCoy is therefore entitled to 48.62% of every pension check that Mr. McCoy has received since the dissolution of the community and will hereafter receive.
Appellant relies on Kennedy v. Kennedy wherein this Court found that the retiree's interest in the Firefighters Pension and Relief Fund was his separate property. Although the Court in calculating the divorced spouse's interest in the accrued fund, applied the Sims formula, it did not recognize any continuing interest or ownership in the pension payments themselves. Although the language in the Firefighters Pension statute is not identical to the instant case and may be distinguished on those grounds, we now conclude" that, to the extent the Kennedy case conflicts with this opinion, that it is overruled.
The judgment is silent as to the claims of husband and wife for reimbursement of separate funds claimed to have been advanced for the benefit of the community, and our review of the record does not contain evidence necessary to overcome the presumption of community.
Appellee did not file an answer to the appeal. Accordingly, the failure of the trial court to recognize her claim for reimbursement of $4,000.00 claimed to have been loaned to her by her father for the downpayment on the family home cannot be reviewed on appeal.
We hold that the retirement credits repurchased by Elmer McCoy on December 29, 1971, enure to the benefit of the community and we further hold that he failed to overcome the presumption that the funds used for the purchase were community funds.
The parties agreed in stipulation and brief that Elmer McCoy is entitled to a credit of $2,431.38 representing his former wife's one-half obligation for the community debt owed to the Whitney Bank totaling $4,862.76.
The parties also agreed that Elmer McCoy cashed in two community insurance policies for $2,457.52 and he owes Hilda McCoy one-half of this amount, or $1,228.76. All other claims of community debts alleged to be owed by Hilda McCoy, and which were not agreed to or recognized in the judgment, are denied.
For the above and foregoing reasons, we order, adjudge and decree that Hilda Mae Power McCoy is entitled to 48.62% of every pension check Elmer E. McCoy has received or will receive from the Louisiana State Employee's Retirement System since the dissolution of the community. In all other respects the trial court judgment is affirmed.[1]
AMENDED IN PART
AFFIRMED IN PART.
REDMANN, C.J., and GARRISON and BARRY, JJ., dissenting.
REDMANN, Chief Judge, dissenting from overruling
Kennedy correctly interpreted La.R.S. 33:2120's words (found also in R.S. 42:545) making state employee pensions "exempt from levy and sale, garnishment, attachment or any other process whatsoever, and... unassignable ...." It correctly allowed to the non-employee spouse a credit for the enhancement of the pension value by community funds, as Louisiana courts have long done for community expenditures upon (and enhancement thereby to) separate property. That is exactly what the trial court should have done here. *646 (Other assets did exist, including a home that the parties sold, dividing its proceeds.) Indeed, the trial court or this court could simply render a judgment against the retired employee for any amount due to the non-employee spouse. That judgment could be executed just as any other judgment. But R.S. 42:545 provides that state employee retirement system benefits are "exempt from levy and sale, garnishment, attachment or any other process whatsoever..." Is there some way to enforce a judgment other than by "levy and sale, garnishment, attachment or [some] other process whatsoever"? Is there some process that is not some "other process"?
BARRY, Judge, dissents from overruling:
The logical and well-reasoned holding of Kennedy effectively interprets R.S. 33:2120 as it was legislatively intended. J. Redmann's rhetorical question spotlights the majority's fallacious position.
NOTES
[1] In compliance with this court's internal rule the question of overruling Kennedy has been submitted to the entire court, a majority of which join in the overruling, with, C.J. Redmann, and JJ. Garrison and Barry dissenting. At the time this matter was submitted, Judge Louis Moore Jr., was appointed by the Louisiana Supreme Court to fill a vacancy on this court.