467 So.2d 179 (1985)
Ollie B. LEWIS, Plaintiff-Appellant,
v.
Odessa P. LEWIS, Defendant-Appellee.
No. 84-183.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
*180 Broussard, Bolton & Halcomb, Frank R. Bolton, Jr., Alexandria, for plaintiff-appellant.
Michael Shannon, Alexandria, defendant-appellee.
Before DOMENGEAUX, DOUCET and KING, JJ.
DOMENGEAUX, Judge.
This appeal arises from a suit to partition community property. At issue is the proper allocation of the appellant-husband's retirement pension and certain debts contracted during the existence of the community.
The plaintiff-husband, Ollie B. Lewis, and defendant-wife, Odessa P. Lewis, were married May 26, 1966. Mr. Lewis filed a petition for separation on November 14, 1980, and a judgment of separation was rendered on August 21, 1981. A judgment of final divorce was rendered on December 22, 1981.
On May 4, 1983, Mr. Lewis petitioned to partition the assets and liabilities of the former community. In accordance with the provisions of La.R.S. 9:2801(1) each party filed a sworn detailed descriptive list of the assets and liabilities of the former community.
After numerous pretrial conferences, a trial was held in order to consider among other things the proper classification and allocation of (1) Mr. Lewis' pension from the Parochial Employee's Retirement System, and (2) the following list of debts incurred during the existence of the community:
(a) Guaranty Bank & Trust Company Loan Account XX-XX-XXXXX in the amount of $1,289.99
(b) Rapides Bank & Trust Company Loan Account XX-XXXXXXX in the amount of $1,327.09
(c) Rapides Bank & Trust Co. Loan Account XX-XXXXXX in the amount of $3,463.83
(d) Ford Motor Credit Company Account No. KAA115GK53 in the amount of $980.55
(e) England Federal Credit Union Account No. 28039 in the amount of $1,335.64
(f) Luther Lewis promissory note ... $2,000.00
(g) Dave Lewis promissory note ... $1,000.00
(h) Sears, Roebuck & Co. Account No. XXXXXXXXXXX ... $1124.53
Ruling from the bench, the district judge held that the pension was to be classified as community property and that the defendant-wife was entitled to 26% of the monthly retirement benefits. The trial judge determined that the above listed debts were community obligations in view of the fact that the defendant-wife, who contended that the debts were the separate obligations of the husband, failed to overcome the presumption that obligations entered into during the existence of the community are community debts.
The plaintiff, Ollie B. Lewis, filed a suspensive appeal with this Court in which he alleges that the district court was in error for classifying the pension fund as community property.
The defendant, Odessa P. Lewis, answered the appeal asserting that the trial judge committed error in finding that the (above listed) debts were community obligations.

THE PENSION
It is undisputed that Mr. Lewis was employed as a fireman by the Rapides Parish Police Jury and by virtue of that employment was a member of the Parochial Employees Retirement System of Louisiana from June 1, 1955 until his retirement on March 1, 1978. Mr. and Mrs. Lewis became husband and wife on May 26, 1966. The Lewises were married for 12 of the 23 years that contributions were made to the retirement system.
*181 The district judge ruled that the portion of the pension attributable to Mr. Lewis' employment during the existence of the community was community property. The trial judge made this decision despite the provisions of La.R.S. 33:6105[1] which make the funds contributed to the Parochial Employees Retirement System of Louisiana exempt from execution and sale, and nonassignable.
At issue in this case is whether La.R.S. 33:6105 requires Mr. Lewis' pension from the Parochial Employees Retirement System (La.R.S. 33:6101 et seq.) to be classified as separate property.
The district court judge relied upon the rationale of Thrash v. Thrash, 387 So.2d 21 (La.App. 3rd Cir.1980), to rule that the pension was community. Further, he cited Sims v. Sims, 358 So.2d 919 (La.1978), and T.L. James & Company v. Montgomery, 332 So.2d 834 (La.1975), as authority for his decision that the wife should receive a one-half interest in the pension plan attributable to Mr. Lewis' employment during the existence of the community.
In Thrash v. Thrash, supra, this Court held that an exemption from execution and anti-assignment provision contained in the State Teacher's Retirement System Plan (La.R.S. 17:571 et seq.) was "not dispositive of ownership as [it] serve[d] no classificatory function." We went on to hold that the portion of the pension attributable to creditable service during the existence of the community was community property.
La.R.S. 33:6105 is for all practical purposes identical to the exemption from execution and anti-assignment provision at issue in Thrash, supra.
The appellant, Mr. Lewis, argues that Thrash v. Thrash, supra, has been overruled and therefore the pension should be classified as separate property in view of the provisions in La.R.S. 33:6105 and the holding of Kennedy v. Kennedy, 391 So.2d 1193 (La.App. 4th Cir.1980).
Appellant premises his belief that Thrash, supra, has been overruled on the argument that Sims,[2] supra, was overruled by McCarty v. McCarty,[3] 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), thus, as Thrash relied on the rationale of Sims for its holding, logic would require that Thrash has been overruled because its major premise, the holding in Sims, is no longer valid.
The appellant contends that inasmuch as Thrash, supra, and Sims have been overruled, Kennedy v. Kennedy, supra, which was decided subsequent to Thrash and Sims, should be followed. Kennedy, supra, holds that in view of the fact that the Firefighters Pension and Relief Fund is restricted to a specific type of employment, exempted from judicial process and nonassignable, the pension is separate property.
We find no merit in the appellant's contentions. Thrash v. Thrash has not been *182 overruled and is still law in this Circuit. Although this Court drew upon the Sims case, for support for our holding, we based our decision in Thrash upon the postulate that the exemption provisions found in the State's statute were placed there "to protect the funds contributed into the public retirement system by the employee and preserve the integrity of said funds and the benefits accrued thereon for the purpose of providing a pension for the public employee in retirement." The exemption provisions that are found in state statutory retirement plans are "not dispositive of ownership as they serve no classificatory function." Thrash v. Thrash, supra.
Inasmuch as the Thrash case dealt with the state's statutory retirement fund and the Sims case dealt with the federal statutory retirement system any mention by this Court in the Thrash case of federal statutory interpretation was dicta.
Furthermore, subsequent to the U.S. Supreme Court's decision in McCarty, supra, (which held that a husband's military retirement pay was separate property) Congress enacted the "Uniform Services Former Spouse's Protection Act", Pub.L. No. 97-252, 96 STAT. 718, 730-738 (1982). This Act became effective on February 1, 1983, and removes the federal preemption of state laws in the division of military pension and distribution proceedings, so that now the matrimonial regimes law of each individual state determines the classification of military retirement pay. 10 U.S.C. Sec. 1408(c)(1).
The Uniform Services Former Spouse's Act is retroactive in nature. We held in Simmons v. Simmons, 453 So.2d 631 (La. App. 3rd Cir.1984) that:
"It is thus clear that Congress intended 10 U.S.C. Sec. 1408 to have retrospective application in such a manner that would totally eliminate the McCarty decision and thus allow state courts to render judgments which were consistent with the decisions issued prior to the McCarty case."
That being the case, the appellant's argument is totally without merit as the McCarty case had no effect upon the Sims case, thus, Sims has not been overruled.
We therefore hold that the rationale of Thrash v. Thrash, supra, is dispositive of this issue and that the district court was correct for finding that the portion of the pension attributable to Mr. Lewis' employment during the community was community property and that Mrs. Lewis should receive 26% of the monthly benefits. La. R.S. 33:6105 does not preclude this Court from classifying the benefits from the Parochial Employees Retirement System of Louisiana as community property.
The appellant-husband argues in the alternative that the pension was acquired in 1955 when Mr. Lewis began his employment with the parish police jury and therefore La.C.C. Art. 2341 mandates that the pension is separate property as it was acquired by Mr. Lewis "prior to the establishment of a community property regime ..." La.C.C. Art. 2341.
In T.L. James & Company v. Montgomery, 332 So.2d 834 (La.1976) the Louisiana Supreme Court held:
"Each contribution of the employer to the funds entitles the employee or his beneficiary to share subsequently in the funds' proceeds; when made during the community, the property right to share ultimately in the proceeds thereby acquired by the wage earner, is `acquire[d] during the marriage', Civil Code Article 2402 and is thus a community asset."
Since the High Court's decision in T.L. James & Company v. Montgomery, supra, former title VI of Book III of the Louisiana Civil Code of 1870, consisting of C.C. Arts. 2325 to 2437 was repealed and a new title VI consisting of C.C. Arts. 2325 to 2376 was enacted. Former C.C. Art. 2402 defined community property, it provided in pertinent part:
"This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and *183 wife, and of the estate which they may acquire during the marriage ..."
Now La.C.C. Art. 2338 defines community property. The pertinent provision in that Article states:
"The community property comprises: Property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse ..."
The Parochial Employees Retirement System is funded by contributions from both the employee and his employer. La.R.S. 33:6176 and 6177. The contributions made by the employee come from his earnings. The contributions made by the employer "is in the nature of additional remuneration to the employee ..." T.L. James v. Montgomery, supra. Both contributions were made during the existence of the community are "property acquired ... through the effort, skill, or industry ..." of the employee spouse. The retirement fund is not acquired when the employee becomes a member of the Parochial Employees Retirement System but is acquired over time with each contribution.
We therefore hold that that portion of Mr. Lewis' retirement benefits which were acquired during the existence of the community are community assets. T.L. James v. Montgomery, supra.

THE DEBTS
Mrs. Lewis answered her husband's appeal asserting that certain debts (debts listed supra) which the trial judge found to be community obligations were in fact the separate debts of Mr. Lewis. Mrs. Lewis argues that although the obligations were entered into by Mr. Lewis prior to the filing of the separation suit, "they were not contracted for the common interest of the spouses or for the interest of [Mrs. Lewis]..." Therefore, they are not community obligations as defined by La.C.C. Art. 2360 but rather the separate debts of Mr. Lewis.
"An obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation." La. C.C. Art. 2360. All obligations incurred by a spouse during the existence of a community regime, other than those characterized by La.C.C. Art. 2363 as separate are presumed to be community obligations. La. C.C. Art. 2361. An obligation entered into during the existence of the community property regime though not for the common interest of the spouses or for the interest of the other spouse is a separate obligation. La.C.C. Art. 2363.
Here, the trial judge held that the eight debts listed previously were community obligations. An exhaustive review of the record convinces us that he is correct. Mr. Lewis testified that the obligations owed to Guaranty Bank, Rapides Bank, England Federal Credit Union, Luther Lewis, and Dave Lewis, were incurred for the purpose of renovating and remodeling the community home. Mr. Lewis testified at great length as to the extensive amount of work which was done to refurbish the home. In fact, the home was purchased in 1974 at a price of $11,500.00 and was sold in 1982 for approximately $36,500.00. Mrs. Lewis supports the testimony as to the home renovations, and offers no evidence to contradict that those loans were made for any other purpose than the refurbishing of the home. Although Mrs. Lewis testified that very little expense was incurred in the remodeling of the house, she had no idea what the costs were.
Mr. Lewis testified that the obligation owed to the Ford Motor Credit Company was money borrowed to purchase a truck. Mrs. Lewis presented no evidence to support her contention that the truck was not community property.
The obligation owed to the Sears, Roebuck & Company charge account "might" have been for a washer and dryer according to Mr. Lewis. Again, Mrs. Lewis offered no evidence to refute his testimony.
Mrs. Lewis' brief suggests that because Mr. Lewis' monthly income was $1,200.00 per month and he deposited very small amounts in his checking account, he did not need to make any of the loans he made, *184 and had done so to prejudice her rights. However, both Mr. and Mrs. Lewis testified that Mr. Lewis was in the habit of paying all of his debts in cash. From that testimony we can only conclude that Mr. Lewis carried large sums of money around in order to pay his obligations.
Due to the total lack of evidence offered to prove that the obligations incurred by Mr. Lewis during the existence of the community were separate obligations we must affirm the trial court's decision that these debts were community obligations.
For the above and foregoing reasons the decision of the district court is affirmed. All costs on appeal to be assessed one-half to plaintiff-appellant, one-half to defendant-appellee.
AFFIRMED.
NOTES
[1] La.R.S. 33:6105 provides:

"The following items are hereby exempt from any state or municipal tax, and from levy and sale, garnishment, attachment, or any other process whatsoever as provided in this Chapter, to-wit: The right of a person to a pension, an annuity, or a retirement allowance; the return of contributions; the pension, annuity, or retirement allowance itself; any optional benefit or any other right accrued or accruing to any person; and the moneys in various funds created by this Chapter. The hereinabove enumerated items shall be unassignable, except as in this Chapter specifically otherwise provided. Benefits paid under this Chapter shall be exempt from state income tax. In any case where the contributions of an employee are paid by an employer in order to secure credit for service, these funds may be assigned to the employer until such time as the employee has repaid contributions so paid, or the employer has released the contributions so paid by written notice to the board."
[2] Sims v. Sims, supra, held that an exemption provision which forbid the execution, sale or non-family assignment of funds in a federal military retirement system did not preclude the pension from being classified as community property.
[3] McCarty v. McCarty, supra, held that military retirement pay is not the property of the community of acquets and gains existing between husband and wife and the "supremacy clause" of the U.S. Constitution precludes states from categorizing it as such.